PHELPS *vs.* BOSTWICK.

Contracts must always be construed in reference to the subject matter to which they relate, and in the light of the contemporaneous facts and circumstances. Evidence of the extrinsic circumstances existing at the time is therefore always admissible, not to contradict the written agreement, but to aid in its interpretation.

A bailee or depositary is not liable to an action until demand and refusal. Therefore, where money has been left with another in naked deposit for the benefit of the owner, the latter cannot maintain an action to recover it, until a demand has been made upon the depositary, to restore it, and he has refused so to do.

APPEAL by the defendant, from a judgment entered at a special term. The complaint alleged, that on or about the 29th day of June, 1854, the defendant at his request had, and received of and from the plaintiff, to and for the use of the plaintiff, the sum of two hundred dollars in money; that afterwards, and on or about the 1st day of July, 1854, and on divers days and times since that day and before the day of the commencement of this action, the plaintiff demanded and requested of the defendant that he, the defendant, pay the said money over to him, the plaintiff; and that the defendant then promised to pay said sum over to said plaintiff, but has hitherto failed and neglected so to do, and was indebted to the plaintiff therefor. Whereupon the plaintiff demanded judgment against the defendant for two hundred dollars and interest thereon from the 1st day of July, 1854, besides costs.

The defendant, by his answer, denied the allegations in the complaint. The action was tried at the Steuben circuit, in May, 1855, before Justice JOHNSON, and a jury.

Seymour F. Denton being sworn on the part of the plaintiff, testified: "I live in Corning. I know the parties. I am teller of the Bank of Corning. I received some money from plaintiff for defendant, June 29th, 1854. I was agent for the defendant at that time to receive money for him. The paper produced is the receipt I gave for the money at the time." The counsel for the plaintiffs here offered and read in evidence the receipt spoken of by said witness, in the words and figures fol

lowing: "Rec'd, Corning, 29th June, 1854, of John C. Phelps, two hundred dollars, which is to be indorsed on contract No. 454, given by Corning & Fellows to Dexter Davis for the south halves of lots 9 & 10, in Block 48 in the village of Corning, whenever said contract is presented to me by said Phelps, duly assigned to him.                    for H. W. BOSTWICK,

S. F. DENTON."

The witness then continued: "This money was passed to defendant's account in the bank, but he has never drawn it out." The plaintiff here offered to show that at the time of payment of the money and giving the receipt, the plaintiff said he did not know as he could get the contract, and the defendant promised if he could not, to repay the money. The counsel for the defendant objected to the evidence, on the ground that the receipt was in the nature of a contract in writing, and could not be changed or contradicted by parol. The court sustained the objection and excluded the evidence. The witness further stated : "The plaintiff afterwards requested me to ask the defendant to return the money—don't know when. It was soon after its receipt, say a month. I spoke to Hiram about it several times. I presume I have spoken to the defendant about it. I have talked with him about it several times. I talked with the defendant about the plaintiff's wanting to buy the original contract from the defendant, as he could not get the Davis contract. I don't know as I ever asked the defendant for it for the plaintiff. The plaintiff asked me for the money several times. I did not pay it back."

Hiram W. Bostwick 2d, a witness for the plaintiff, testified : "I am clerk in the Bank of Corning, and have been for some time. I heard a part of Denton's testimony. I recollect the fact of the plaintiff's handing in the $200 spoken of. I recollect of his coming in several times and asking if we had directions to pay it back to him. The plaintiff requested me to ask the defendant for the money. I think I spoke to the defendant about it. I don't know when ; a month or two after the money was left, perhaps. The defendant never told me to tell the plaintiff that he could not have the contract. He told me

to tell the plaintiff that, with his permission, he would indorse
it on one of H. G. Phelps' contracts which he, the defendant,
held. I told the plaintiff of it, and he said he guessed his
father was old enough to take care of himself. This was about
the time above referred to." Horace G. Phelps, a witness for the
plaintiff, testified : "Plaintiff is my son. I had a conversation
with the defendant about this money, in the early part of last
fall. He spoke to me first ; said he had some money of John's,
and John wanted it. And the defendant asked me if I would
not turn it on my Jackson contract ; said it was $200. He
said it was hard times, and he wanted the pay on my contract.
I told him I had nothing to do with that money. The defendant
said nothing about this money's having been paid in by the
plaintiff on the Dexter Davis contract. He said nothing about
that contract, that I can recollect." The plaintiff here rested
his case, and the defendant's counsel moved for a nonsuit, on the
ground that no cause of action was made out. (1.) The money
was paid voluntarily, to be applied in a certain way, and with a
full knowledge of the circumstance. (2.) The money was paid
in pursuance of a contract between the plaintiff and defendant,
and there was no proof of any breach on the part of the defend-
ant. . (3.) The evidence did not establish the cause of action
set forth in the complaint. (4.) There was no proof of any
demand or request to pay the money. (5.) There was no proof
of any promise to repay the money to the plaintiff, or any con-
sideration for such promise. The court denied the motion ; to
which decision the counsel for the defendant excepted. The de-
fendant's counsel then recalled as a witness, Seymour F.
Denton, who testified : "The Dexter Davis contract, referred
to in the receipt, was a part of the property of what is called
the Corning Company, of which the defendant was one. They
divided their property and this contract fell to him, and he has
controled it ever since. At the time this money was paid, the
defendant claimed to own that contract. The defendant was
not present at the time the money was paid." The witness
being cross-examined, the counsel for the plaintiff offered to
show that the plaintiff never procured the said Dexter Davis

Phelps *v.* Bostwick.

contract, or an assignment thereof. The defendant objected to the evidence, upon the ground that it was immaterial and irrelevant. The court overruled the objection, and admitted the evidence ; to which the defendant's counsel excepted. Defendant's counsel then admitted, saving his exception as above, that the plaintiff never did procure the Dexter Davis contract, or an assignment thereof. The witness further stated : " The plaintiff wanted to get Bostwick's interest in the contracts, as he told me. I told the defendant of it. He said he would get advice, and if he could do it legally he would do it. I think I heard the defendant say afterwards that he had no objection to doing it. This was a few months after the money was paid. I think I heard the defendant say that he was willing to apply the money on old Phelps' contract." The defendant here rested ; and the court charged the jury, that the payment of the $200 by the plaintiff, and the taking the receipt read in evidence, was a special deposit of money to apply in case the plaintiff should get the contract mentioned, and which the plaintiff never got, and was under no obligation to get, and that the plaintiff was entitled to recover the money with interest from the time of the demand of the money, and directed the jury to find a verdict accordingly ; to which charge, and each particular part and direction thereof, the defendant's counsel excepted. And the jury, in pursuance of such directions, found a verdict for the plaintiff for $210.52.

*George B. Bradley,* for the plaintiff.

*G. T. Spencer,* for the defendant.

*By the Court,* E. DARWIN SMITH, J. Whether the defendant was a mere depositary of the $200 specified in his receipt, or had an interest in the money, was a question of fact upon the true construction of the receipt, in view of the extrinsic circumstances existing at the time it was given. Such facts are always admissible in evidence, not to contradict the instrument, but to aid in its interpretation. Contracts must

always be construed in reference to the subject matter to which they relate, and in the light of the contemporaneous facts and circumstances.  The facts in evidence in this case, I think, would have warranted the jury in finding that the $200 was left with the defendant in naked deposit for the plaintiff's own benefit and use.  But in this aspect of the case, which was the view taken by the judge on the trial, the plaintiff clearly was not entitled to recover as the case stood when the motion was made for the nonsuit, or afterwards.  The defendant was not liable to an action for this money until a distinct demand had been made upon him personally to restore it to the plaintiff, and he had refused so to do.  Bostwick does not appear to have asserted any title to the money, or to have distinctly refused at any time to pay it to the plaintiff.  He asked the plaintiff's father if he, the plaintiff, would not turn the amount on his (the father's) Jackson contract.  Here was no assertion of title to the money or refusal to pay it over, and it appears that the money remained in his hands, not used.  A bailee or depositary is not liable to an action until demand and refusal. (*Edwards on Bailments*, 85, 87.  *Brown* v. *Cook*, 9 *John.* 361. *Beardslee* v. *Richardson*, 11 *Wend.* 25.)  The plaintiff should have been nonsuited, or the question in respect to demand and refusal should have been submitted to the jury.

New trial ordered; costs to abide event.

[MONROE GENERAL TERM, September 1, 1856.  *T. R. Strong*, *Welles* and *Smith*, Justices.]