## OLIVER NEWMAN *versus* ISAAC JENNE.

The owner of goods cannot maintain an action of replevin against a person who is lawfully in possession of them, without a previous demand and refusal, or acts on the part of the possessor amounting to a conversion.

There is no conversion for which replevin will lie, unless there be a repudiation by the possessor of the right of the owner, or the exercise of a dominion inconsistent therewith.

A mortgaged a pair of oxen to B to ·secure the payment of a note. After the note was due, B requested payment. A did not pay, but took the oxen into the woods for lumbering. B, without demanding the oxen, brought an action of replevin : — *Held*, that the action could not be maintained.

REPLEVIN for a pair of oxen.

It appeared that the defendant bought of the plaintiff, May 9, 1858, a pair of oxen, and gave his note for $120, payable in six months with interest, and also gave the plaintiff a mortgage of the oxen to secure the payment of the note.

The note remaining unpaid, this action of replevin was brought Feb. 5, 1859. The defendant pleaded the general issue, with a brief statement alleging that he had license from the plaintiff to take and possess the oxen, and that the plaintiff never demanded them of him at any time before the commencement of the action.

The plaintiff testified that he never gave the defendant license to take the oxen into the woods for lumbering; that after the note was due, he sent word to the defendant that he wanted the money; and that, after the oxen were taken into the woods, he brought this action, and sent an officer to take them.

The defendant testified that the oxen were not abused by him; that nothing was ever said by the plaintiff as to what work he might do with them; that he never refused to deliver them to the plaintiff; and that the plaintiff never demanded them of him before the service of the writ.

The defendant's counsel requested the presiding Judge, GOODENOW, J., to instruct the jury that, if they found the defendant came lawfully into possession of the oxen by license

of the plaintiff, and that they were not abused or misused by the defendant, the possession and use of them by the defendant would be rightful and lawful until after a demand by the plaintiff.

This, and other instructions requested by the defendant, the Judge declined to give, but instructed the jury that they would consider whether the taking of the oxen into the woods was not a wrongful act, unauthorized by the license given by the plaintiff, and that, if they found it was unauthorized, as the property was admitted to be in the plaintiff, he could maintain his action without proving a demand.

The defendant filed exceptions.

*W. W. & S. A. Bolster*, in support of the exceptions, to show that a demand is necessary, before bringing an action of replevin, where the defendant has lawful possession of the goods, cited *Pickard* v. *Low*, 15 Maine, 48 ; *Sawtelle* v. *Rollins*, 23 Maine, 196 ; 1 Chitty's Plead., 157, 13th Amer. ed. ; *Seaver* v. *Dingley*, 4 Maine, 316 ; *Galvin* v. *Bacon*, 11 Maine, 28.

They further argued, that an abuse of authority or license derived from a party does not constitute the wrongdoer a trespasser *ab initio ;* and cited *Hunnewell* v. *Hobart*, 42 Maine, 565 ; *Bradley* v. *Davis*, 14 Maine, 44 ; 15 Johns., 35 ; 8 Coke, 146 ; 2 Greenl. Ev., § 642 ; *Fernald* v. *Chase*, 37 Maine, 289 ; *John* v. *Weedman*, 4 Scam., 495.

*Elisha Winter*, contra, argued that the first requested instruction was substantially given. It proposed to leave the question of possession of the oxen by license of the plaintiff, and also that of abuse and misuse of them, to the jury. The question of abuse and misuse, involves the extent of the defendant's authority to use them under the license; for an unauthorized use is a misuse. If, then, the jury found that the defendant had possession by license, and did not exceed his authority under it, his possession would be lawful until after demand; but otherwise if they found either of these points against him. An examination of the instructions given, the

counsel contended, would show that it contained the same ideas in different language.

The other instructions asked for were unimportant, and might well be refused.

The opinion of the Court was drawn up by

APPLETON, J.—This is an action of replevin for a yoke of oxen, brought by the mortgagee against the mortgager. The oxen were left in the defendant's possession, by whom they were worked in the woods hauling lumber. The suit was commenced without any demand upon the defendant for the oxen replevied.

The doctrine is well settled that replevin lies in all cases where trespass *de bonis asportatis* will lie. *Wheeler* v. *McFarland,* 10 Wend., 322. It depends on the same principles as the action of trover, and, where trespass or trover can be maintained, replevin will lie. *Sawtelle* v. *Rollins,* 23 Maine, 196. To maintain this action, there must be a tortious taking or wrongful detention.

Unless there be a special agreement to the contrary, the mortgagee may at any time terminate the rights of the mortgager, and take possession of the mortgaged property. If the mortgaged goods be attached as the property of the mortgager, as in *Melody* v. *Chandler,* 12 Maine, 282, or sold by the mortgager, as in *Whitney* v. *Lowell,* 33 Maine, 318, such attachment or sale will be deemed a conversion by the officer so attaching, or by the person so purchasing, and the action of trover or replevin may be maintained by the mortgagee.

"If the defendant came lawfully into possession of the goods," says MELLEN, C. J., in *Seaver* v. *Dingley,* 4 Greenl., 316, "an action cannot be maintained, unless after demand and refusal, which are evidence of conversion. For the same reason, no action of replevin will lie for goods of which the defendant lawfully obtained the possession, until after a demand. From that time the detention is unlawful, and the case comes within the language of the writ of replevin." The defendant was lawfully in possession of the oxen in contro-

versy. He had not sold nor transferred them. He was using them, as well he might, till forbidden by the mortgagee, or until possession of them was demanded. There is no conversion of goods for which trover will lie, unless there be a repudiation of the right of the owner, or the exercise of a dominion inconsistent with that right. *Heald* v. *Carey*, 9 Eng. Law and Eq. Rep., 492.

The first requested instruction should have been given.

*Exceptions sustained.*

TENNEY, C. J., and CUTTING, DAVIS, and KENT, JJ., concurred.