EDWARD WHITE, Appellant, *v.* JAMES BROWN, Respondent.

(GENERAL TERM, FOURTH DEPARTMENT, JUNE, 1871.)

A demand for the delivery of personal property which has come law-fully into possession of the party from whom it is claimed, must be made after it is due, before replevin will lie. And a covenant in a lease of real and personal property, which agrees that the latter shall be delivered at the termination of the lease, does not dispense with the necessity for demand after such termination as a foundation for replevin.

THIS was an appeal from a judgment for the appellant, entered upon the report of a referee.

The action was in the nature of replevin to recover possession of certain personal property.

It appeared upon the trial, that the plaintiff had let to the defendant, by an instrument in writing, his dairy farm in Booneville, Oneida county, together with the personal property described in the complaint, for the term of one year at a rent specified, and the term of the lease was as follows, to wit: "For and during the term of one year from the date hereof, which term will end December 31, 1869;" and the defendant covenanted that, "at the expiration of said term," he would "surrender up said premises" and personal property "in as good condition as," &c.

The defendant occupied under the lease and had possession of the premises and personal property down to the 6th

January, 1870. On the 31st December, 1869, at about five o'clock P. M., the plaintiff made formal demand of delivery of the personal property, and the defendant refusing, on the next day, without further demand, commenced his action and replevied the property. The referee gave judgment for the defendant dismissing the complaint with costs.

*H. R. Hadley*, for the appellant.

*Jno. M. Muscott*, for the respondent.

Present—MULLIN, P. J., JOHNSON and TALCOTT, JJ.

MULLIN, P. J. The plaintiff leased to defendant his farm and dairy for a year, commencing 1st January, 1869.

In the afternoon of the 31st December he demanded of defendant the personal property, which defendant refused to deliver.

On the first day of January, 1870, an action of replevin was brought without any other or further demand being made.

The referee held that defendant, having come lawfully into possession of the property, could not be converted into a wrong-doer until a demand of it was made, and that such demand could only be made after defendant's right to its possession had terminated; and as the demand proved was made before the expiration of the term for which defendant was entitled to the property, the action could not be main-tained.

The case was rightly disposed of unless the action could be maintained without a demand.

It was held in *Durell* v. *Mosher* (8 J. R., 445), that where defendant had by mistake taken out of plaintiff's flock a couple of lambs which he promised plaintiff he would return, that the promise was evidence of a conversion, and that trover could be maintained without a demand.

In the case before us there was a covenant in the lease, on

the part of the defendant, that he would return the cattle, &c., at the end of the term to plaintiff.

The distinction between the two cases, if there is any, is that, in the case cited, there had been a demand of the property, and the defendant conceded the title of the plaintiff, and promised to deliver it.

The failure to perform the promise was evidence that he meant to keep the property, and was in that view evidence of a conversion.

In this case the agreement to deliver was made when the defendant acquired his right to the property, and, as the plaintiff has a remedy on his covenant, he should be remitted to it, or then demand the property after the right of defendant ceased.

Such I understand to be the view of Lord ELLENBOROUGH in *Severin* v. *Keppell* (4 Esp., 156). There plaintiff delivered plate to defendant (a sliversmith) to put glasses in. He was frequently applied to for the articles ; he made excuses for not returning them. He finally delivered part, and falsely alleged that he had returned the rest. On this evidence the counsel of defendant claimed there was no conversion. The judge said that what begins in contract, a non-performance of what the party undertakes to do, or a bare non-delivery of what he undertakes to deliver, is not to be considered of itself a tortious conversion. The judgment must be affirmed.

Judgment affirmed.