## JAMES C. AULD v. E. BUTCHER.

1. STATUTE OF LIMITATIONS, *Plea of.* Where a defendant attempts by plea to raise the question as to whether the plaintiff's cause of action is barred by the statute of limitations or not, and both parties and the court below treat the plea as sufficient, *held*, that the supreme court will also treat the plea as sufficient, although it may not be as formal and elaborately circumstantial as it might be.

2. DEMAND AND REFUSAL; *Computation of Time.* Where B. owes A., and gives to A. his promissory note for the amount, and pledges and delivers to A. a city bond as security for the payment of the note, and afterward the note is paid, but the bond is not returned to B., *held*, in the absence of anything showing that A. has converted the bond to his own use, that no cause of action accrues in favor of B., and against A., for the value of the bond, until B. has made a demand for the bond, and therefore that the statute of limitations does not begin to run against B.'s cause of action for the value of the bond until there has been such demand, and a refusal by A. to return the bond.

### *Error from Atchison District Court.*

ACTION brought by *Butcher* against *Auld*, to recover the sum of $3,500 and interest thereon, the value of certain bonds and coupons issued by the city of Atchison, Kansas, and belonging to *Butcher*, which bonds plaintiff alleged that defendant had converted to his own use. The facts, as stated in the plaintiff's petition, are in substance as follows: That April 10, 1868, *Butcher*, being the owner of certain bonds issued by said city, and being indebted to said *Auld* in the sum of $500, executed his note for that sum to *Auld*, and for the purpose of securing the payment of the same, delivered $1,100 of Atchison city bonds to *Auld*, who receipted to

*Butcher* therefor, as collateral security for the payment of said note; that thereafter said note was paid and delivered up to *Butcher;* that on August 1, 1876, *Butcher* demanded the said bonds from *Auld,* who refused to deliver them up, and has converted the same to his own use. To this petition *Auld* filed his answer, admitting the execution of the receipt, and that such bonds and coupons were left with him as collaterals to secure the payment of said note; that when the note was paid off they were surrendered to plaintiff, but by oversight the receipt was not taken up. The collaterals were sold by plaintiff, and the proceeds used to pay said note. There was also a claim that *Butcher's* cause of action was barred at the filing of his petition. To this answer a reply was filed, in effect denying each allegation of new matter constituting any defense to *Butcher's* cause of action. Trial at the November Term, 1877, of the district court, and verdict for *Butcher* and against *Auld* for $660.29. New trial denied, and judgment rendered in accordance with the verdict, and for costs. *Auld* brings the case to this court for review.

*W. W. Guthrie,* for plaintiff in error.

*Everest & Waggener,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: The main question in this case, and the only one of sufficient importance to require any consideration from this court, is, whether the plaintiff's cause of action was barred by the statute of limitations, or not, before this action was commenced. Preliminarily, however, we might say, that the defendant in error, who was plaintiff below, now claims that this question was not sufficiently raised in the court below, and therefore that it cannot now be considered in this court; but as the defendant below attempted, at least by plea, to raise the question in the court below, and as both the parties and the court treated the plea as sufficient, and considered the question as having been properly raised, it is now the duty of this court to consider the case in the same man-

26 —22 KAS.

Auld v. Butcher.

1. Statute of limitations, plea of.

ner, and to consider the question as having been properly raised in the court below, although the plea may not have been as formal and elaborately circumstantial as it might have been. We might also say preliminarily that the plaintiff in error, who was defendant below, claims on his part that the plaintiff below did not prove his cause of action in the court; and therefore that it was then and is now wholly immaterial whether the plaintiff's supposed cause of action was in fact barred by any statute of limitations or not, or whether the question of its being so barred was properly raised or not; for in any event, as he claims, the decision of the court below should have been in his favor and against the plaintiff below, and in any event, as the decision was otherwise, it must now be reversed. The question of the sufficiency of the plaintiff's evidence was raised in the court below by a demurrer to the evidence, and by a motion for a new trial on the ground that the verdict was not sustained by sufficient evidence. There was sufficient evidence however introduced on the trial by the plaintiff to prove his case, if such evidence was true; and whether it was true or not, it was properly submitted to the jury, and their decision of the question, with the approval of the court below, is now final.

But was the plaintiff's cause of action barred by any statute of limitations? The cause of action was for the wrongful conversion of an Atchison city bond. It seems that on April 10, 1868, Ephraim Butcher, defendant in error, plaintiff below, owned a certain bond issued by the city of Atchison, for $1,100; that he, being indebted to James C. Auld, plaintiff in error, defendant below, in the sum of $500, executed his note to Auld for that amount, and to secure the payment thereof, pledged and delivered to Auld said bond, and Auld gave him a receipt for the same. This note was paid prior to August, 1869, but according to Butcher's testimony (and we must now take that to be true), said bond was never returned to Butcher. Nothing was said about the bond at that time or subsequently, until about the first of August, 1876,

when Butcher formally made a demand for the bond and Auld refused to return it. Auld claimed that he had previously returned the bond. Soon afterward Butcher commenced this action against Auld, for the value of the bond and interest. The first and controlling question in the case is, When did Butcher's cause of action accrue? If it accrued when said note was paid, then it is barred by the statute of limitations, as claimed by the defendant, but if it did not accrue until said demand was made, then it is not barred. We know of only one case directly in point upon this question, and that is the case of *Roberts v. Berdell*, decided by the supreme court of New York, Judge George G. Barnard delivering the opinion of the court (61 Barb. 37), and affirmed by the court of appeals (52 N. Y. 644). Indeed, that case was a stronger one for the pledgee of the bond than this case is, for in that case the pledge *expressly promised* at the time the debt was paid to return the bond, while in this case no such promise was ever made. And yet the court in that case held that the action did not accrue, nor the statute of limitations commence to run, until the time of the demand and refusal. There are many other cases that by analogy would hold the same way. But before proceeding further with the argument, we would state that at the time that said transactions occurred the parties to this action were middle-aged men; they had been brought up from childhood together, had always been good friends, had been partners in business, and were then brothers-in-law and near neighbors; that about the time that said note was given and pledge made, Butcher became a drunkard, mentally weak, and unfit to do business, and remained in that condition up to about the time that he commenced this action, a period of about seven or eight years, while Auld remained a good business man, and in the possession of all his faculties. Also, in the meantime, Butcher, though greatly embarrassed for want of money, seems to have utterly forgotten this bond.

We think this case must be decided upon the theory that, although Butcher was entitled to receive his bond as soon as

he paid said note, yet, that Auld committed no wrong by

**2. Demand and refusal; computation of time.**
retaining the bond until Butcher informed him that he wanted it, or in other words made a demand upon him for it; and therefore no cause of action accrued against Auld until said demand was made. A mere right to a thing, or concerning a thing, never did constitute a cause of action. It was always necessary that there should not only be a right, but that there should also be a wrong; or in other words, that there should be a right and an infringement of that right, in order to constitute a cause of action. This is universally so. When an agent receives money for his principal, his principal is at the same time entitled to receive it from him; and yet generally no cause of action accrues against the agent until the principal has made a demand for the money. (*Green v. Williams*, 21 Kas. 64, 71, 72.) And no cause of action ever accrues against an agent until he has committed some wrong. This same principle applies to attorneys at law (*Voss v. Bachop*, 5 Kas. 59), and to persons with whom money is deposited, or bailed, or pledged. (*Phelps v. Bostwick*, 22 Barb. 314; *Payne v. Gardiner*, 29 N. Y. 146.) Indeed, it applies to all persons, depositaries, bailees, pledgees, mortgagees and trustees, who without fault receive money or property belonging to others and simply hold the same, without saying or doing anything inconsistent with the rights of the owner or the rights of others. In the case of *Shoemaker v. Simpson*, 16 Kas. 53, it was said that "replevin could not be maintained against a person who came innocently into the possession of the property, who never claimed any interest in the same, and who never disputed the owner's right thereto." See also, *Newman v. Jenne*, 47 Me. 520; *Baker v. Chase*, 55 N. H. 61; *Barrett v. Warren*, 3 Hill, 348; *White v. Brown*, 5 Lans. 78.

Of course, if Butcher, as soon as he paid said note and without making any demand for the bond, could have maintained an action against Auld for the value thereof, he could also, if he had preferred it, have maintained an action of replevin for the bond itself. We do not think, however, that

he could have maintained either action without first making a demand for the bond; and hence we think that the plaintiff's cause of action was not barred when this action was commenced.

The second instruction given by the court to the jury, is sustained by *M. R. Rld. Co. v. Richards*, 8 Kas. 101, 111. And the fourth instruction, as given by the court, was correct.

The judgment of the court below is affirmed.

BREWER, J., concurring.

HORTON, C. J., not sitting, having been of counsel in the court below.