DANIEL RAWLEY. Respondent, *v.* NATHAN R. BROWN, Appellant.

*Purchaser at a sale under execution — when not liable to an action by the real owner, until demand made and refused.*

One purchasing in good faith, at a sheriff's sale, under execution, goods in the possession of the judgment debtor, is not liable to an action brought by the true owner to recover the goods, or their value, until a demand therefor has been made and refused.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury. The action was brought to recover certain goods, purchased by the defendant at a sheriff's sale, or their value.

*M. Goodrich,* for the appellant.

*Waters & Knox,* for the respondent.

LEARNED, P. J.:

The defendant purchased the goods in question at a sheriff's sale under execution. The execution was issued on a judgment recovered in the Supreme Court by one Chapin against James H. Rawley, to which the defendant was not a party, and in which he had no interest. James H. Rawley was in possession of the goods, and the defendant's purchase was made in good faith. The sheriff did not act under the defendant's direction. The plaintiff was not present and did not forbid the sale. The plaintiff now claims to own the property and brings this action to recover the same or the value. The plaintiff made no demand for the property upon the defendant, and there is no evidence that the defendant had disposed of the property before the commencement of the action. On that ground the defendant moved for a nonsuit.

In *Storm v. Livingston* (6 John., 44) the defendant had purchased a horse at a constable's sale, which belonged to the plaintiff. The court held that the action of trover could not be maintained, because there had been no demand of the defendant before the action was commenced; and a sale of the horse by the defendant, after suit brought, was not sufficient.

*Berrett* v. *Warren* (3 Hill, 348) was an action of replevin; and it was there held, that, though goods had been tortiously taken a *bona fide* purchaser was not answerable in trespass, but only in trover or in replevin in the *detinet*, after demand, etc. The same doctrine is stated in *Pierce* v. *Van Dyke* (6 Hill, 613). It is also applied in *Twinam* v. *Swart* (4 Lansing, 263) to the case of a levy and sale of exempt property, where the action was brought against the purchaser at the sale by the judgment debtor. It is repeated in *White* v. *Brown* (5 Lans., 78).

There are no cases cited by the plaintiff which are in conflict with this doctrine : that where the defendant did not come into possession of the property tortiously, then, before an action will lie by the owner, the defendant must be shown to have converted the property; of which conversion a demand and refusal is the usual proof. And on the evidence in this case it does not appear that the defendant had ever converted any of the property before the commencement of the action.

For this reason, without an examination into any of the other questions, the judgment should be reversed and a new trial granted, costs to abide the event.

Present — LEARNED, P. J., BOARDMAN and FOLLETT, JJ.

Judgment reversed and new trial granted, costs to abide event.