## ROSENAU *v.* SYRING.

[S. C. 35 Pac. Rep. 845.]

1. CONVERSION BY COTENANT — TROVER.— Where one tenant in common claims the exclusive ownership, and applies the joint property to his own exclusive use, there is such a conversion as will enable his cotenant to bring trover against him.*

2. TROVER — DEMAND BEFORE SUIT — PLEADING TITLE IN DEFENDANT.— Where defendant denies plaintiff's title, and pleads ownership and right to the possession in himself or another, he cannot defeat recovery on the ground that plaintiff did not allege and prove demand before suit.

3. TROVER BY TENANT AGAINST LANDLORD.— Where, during the term of a lease, the landlord enters and takes possession of the premises, and converts to his own use removable trade fixtures erected by the tenant

---

*NOTE.—For liability of cotenant to action of trover, see extensive note to *Waller* v. *Bowling* (N. C.), 12 L. R. A. 261, and the note to *Bolling* v. *Kirby* (Ala.), 24 Am. St. Rep. beginning at p. 816.—REPORTER.

for use in his business, the tenant may bring trover against the land-lord unless he has surrendered the premises and abandoned the term.

APPEAL from Multnomah: E. D. SHATTUCK, Judge.

This is an action by Minnie Rosenau against Albert and Amelia Syring to recover damages for the unlawful conversion of personal property. The complaint, in substance, avers, that on December second, eighteen hundred and ninety-two, Gustav Lichthorn and Anna Lichthorn were the owners of and in possession of certain personal property, which, for the purposes of this case, may be segregated and considered in three parts: First, sundry small articles of the aggregate value of one hundred and thirty-five dollars; second, twenty sacks of flour of the value of twenty-three dollars; and, third, a bake oven of the value of three hundred and fifty dollars; that on the day named the defendants wrongfully and unlawfully took and carried away said property, and converted the same to their own use; and that prior to the commencement of this action the Lichthorns assigned and transferred to the plaintiff their right, title, and interest in and to the property, and their claim against the defendants for its conversion. The defendants answered jointly, denying the allegations of the complaint, and, among other defenses, alleged, in substance, that at all the times mentioned in the complaint the property therein described, except the bake oven and flour, belonged to Gustav Lichthorn alone, and was, on December first, eighteen hundred and ninety-two, seized under a writ of attachment issued in an action brought by the defendant Amelia Syring against him to recover the sum of fifty-eight dollars, and was afterwards sold to satisfy the judgment recovered in the action; that the twenty sacks of flour belonged to, and was the property of, Kratz & Kernan, and was by them replevined from the sheriff

after the levy of the execution and before the sale; that the bake oven referred to was constructed by Gustav Lichthorn upon the property of defendant Amelia Syring, which he occupied as her tenant, and that the same is an irremovable fixture, the ownership and title to which goes with the land; and that about December first, eighteen hundred and ninety-two, the Lichthorns surrendered possession of the premises and abandoned whatever interest they had in the oven to the landlord. The reply put in issue the new matter alleged in the answer. Upon the issues thus joined the cause was tried, and a verdict rendered in favor of the plaintiff for the sum of two hundred dollars, and from the judgment entered thereon this appeal is taken.          AFFIRMED.

*Mr. Theodore Geisler*, for Appellants.

*Mr. W. L. Nutting*, for Respondent.

Opinion by Mr. Justice Bean.

1. The evidence tended to show that plaintiff's assignors, who were conducting a bakery on property leased of the defendants, were the joint owners of the property in controversy on the first day of December, eighteen hundred and ninety-two, when Gustav Lichthorn's interest therein,—except the bake oven,—was duly attached in an action brought against him by the defendant Amelia Syring, and afterwards sold to satisfy a judgment recovered therein, and purchased by the defendants. Upon these facts the contention for the defendants is that the plaintiff cannot in this action recover for the alleged conversion of Anna Lichthorn's interest in the property, because the defendants, by their purchase at the execution sale, became the owners of Gustav Lichthorn's interest, and therefore tenants in common, or

joint owners, with her. The general rule is that one tenant in common of chattels cannot maintain an action of trover against his cotenant, because the right of possession lies at the foundation of the action, and the one is as much entitled to the possession as the other. But where one tenant in common, denying the right and title of his cotenant, and claiming the exclusive ownership in himself, applies the joint property to his own exclusive use, it will amount to a conversion, and enable his cotenant to support trover against him therefor: Cooley on Torts, § 455; *Agnew* v. *Johnson,* 17 Pa. St. 373, 55 Am. Dec. 565; *Winner* v. *Penniman,* 35 Md. 163, 6 Am. Rep. 385; *Fiquet* v. *Allison,* 12 Mich. 328, 86 Am. Dec. 54; *Grove* v. *Wise,* 39 Mich. 161. Now, in this case, the defendants, by their answer, and all through the trial denied and refused to recognize or admit Mrs. Lichthorn's interest in the property, but asserted exclusive title and ownership in themselves, which would amount to a conversion, and enable plaintiff to recover the value of Mrs. Lichthorn's interest in this action.

2. It is next contended that the property came rightfully into the possession of the defendants by virtue of the attachment and execution proceedings, and no action for its conversion can be maintained without allegation and proof of demand and refusal to deliver. The undoubted general rule is that when property belonging to one is rightfully in the possession of another, no action for its conversion can be maintained until after a demand and refusal. The reason for this rule is the presumption that one in possession of property belonging to another will, upon demand, surrender it to the true owner, and hence ought not to be harrassed by an action to recover its possession until after an opportunity to do so. But where the defendant, in his answer, denies plaintiff's title, and pleads ownership and right to the possession in

himself, or another, he cannot defeat a recovery on the pretence that he would have surrendered the property if demand had been made. By such an answer he admits the detention, and justifies it by claiming title and right of possession in himself, and in such case it is not necessary for plaintiff to allege and prove demand previous to bringing the action: Cobbey on Replevin, § 448; *Lewis* v. *Smart,* 67 Me. 206; *Raper* v. *Harrison,* 37 Kan. 243.

3. The next assignment of error is in refusing to instruct the jury that the bake oven could not be considered by them in assessing damages, because it is so attached as to become part of the realty, and therefore not the proper subject of an action in replevin or trover; but in this we think there was no error. On July eighth, eighteen hundred and eighty-two, the Lichthorns leased of the defendants, for a term of ten years, certain premises in Albina, for use as a bakery, and there was evidence tending to show that the oven in question, which was built of brick and rested on a platform supported by posts set on the ground, was a removable trade fixture erected by them for the purpose of the business in which they were engaged, and which they had a right to sever and remove during their term. Before the expiration of the term the landlord entered and took possession of the demised premises, and applied and converted the oven to his own use, and the weight of authority seems to be that the tenant may maintain trover against the landlord under such circumstances, unless he has surrendered the premises and abandoned the term, which was one of the issues made by the pleadings in this case, and was for the determination of the jury: 2 Woodfall on Landlord and Tenant, 620, and note; *Ex parte Hemenway,* 2 Lowell, 496; *Finney* v. *Watkins,* 13 Mo. 291; *Watts* v. *Lehman,* 107 Pa. St. 106; *Vilas* v. *Mason,* 25 Wis. 310. The court could not, therefore, have properly instructed the jury, as a

Points decided.

matter of law, that the oven was not to be considered by them in estimating plaintiff's damages. There were several other questions suggested at the argument, but the consideration given them has disclosed that they are without merit. The judgment of the court below is therefore affirmed.    AFFIRMED.

[Argued February 1; decided February 19, 1894; rehearing denied.]