## 432    DECKER v. CARR.

---

Casper G. Decker, as Receiver, etc., of Francis G. Hall, Appellant, v. William S. Carr and Timothy S. Pratt, as Executors, etc., of Samuel S. Hamlin, Deceased, and Others, Respondents.

*The word " or" construed to mean " and."*

In order to carry into effect the manifest intention of the parties to an instrument, the court will construe the word " or " to mean " and."

One Francis G. Hall, being in financial trouble, and largely indebted to his mother, Betsey P. Hall, and to S. S. Hamlin, an instrument was executed by M. A. Hall and F. G. Hall, in which it was stated that " for value received and to secure any indebtedness which F. G. Hall may now owe or become liable for hereafter, we hereby sell, assign and set over unto S. S. Hamlin or Betsey P. Hall all our right," etc., to certain property.

It appeared from all the acts and negotiations of the parties, in connection with the paper itself, that the instrument was intended to secure the claims which each of the transferees might have against F. G. Hall.

*Held,* that the instrument was not void for uncertainty as to the party or parties to whom the transfer was made, and that to effect its evident purpose, the word " or," in the phrase. " S. S. Hamlin or Betsey P. Hall," should be construed to mean "and."

Appeal by the plaintiff, Casper G. Decker, as receiver, etc., of Francis G. Hall, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Chemung on the 6th day of May, 1896, upon the decision of the court rendered after a trial at the Chemung Special Term dismissing the plaintiff's complaint.

*Baldwin & Baldwin,* for the appellant.

*John A. Reynolds,* for respondents Carr and Pratt executors, etc.

*Charles J. Bissell,* for respondents Hall.

MERWIN, J.:

The object of this action is to set aside, as a nullity, as to Francis G. Hall and the plaintiff as representing his interest, the following instrument:

"DANSVILLE, *July* 22, 1884.

"For value received, and to secure any indebtedness which F. G. Hall may now owe or become liable for hereafter, we hereby sell, assign and set over unto S. S. Hamlin or Betsey P. Hall all our right, title and interest, vested and contingent, in and to the interest of Hiland S. Hall in the estate of Hiland B. Hall, deceased, and under the will of Asher P. Hamlin, wherein Betsey P. Hall was conditional legatee, and all interest which we have in said estates from Hiland S. Hall.              "M. A. HALL,
                                                            "F. G. HALL."

The claim is that the instrument is void for uncertainty as to the party or parties to whom the transfer is made, occasioned by the use of the disjunctive "or" in the expression of "S. S. Hamlin or Betsey P. Hall."

It was decided at Special Term that the instrument was valid, "and assigned and transferred the property therein described to Samuel S. Hamlin and Betsey P. Hall, the transferees therein named, to secure the claims and debts of either of said transferees or of both, owing to either one or both of them by the said F. G. Hall."

It has been held in many cases that, in order to effectuate the manifest intention of the parties, the court will construe the word "or" to mean "and" as well in deeds and other instruments as in wills. (*Wright* v. *Kemp*, 3 Durn. & East, 470; *Jackson* v. *Topping*, 1 Wend. 396; *Litchfield* v. *Cudworth*, 15 Pick. 27; *Long Island R. R. Co.* v. *Conklin*, 32 Barb. 386; 1 Jarman on Wills [5th ed.], 505; 2 Am. & Eng. Ency. of Law [2d ed.], 338.)

"Contracts must always be construed in reference to the subject-matter to which they relate, and in the light of the contemporaneous facts and circumstances. Evidence of the extrinsic circumstances existing at the time is, therefore, always admissible, not to contradict the written agreement, but to aid in its interpretation." (*Phelps* v. *Bostwick*, 22 Barb. 314.) The circumstances attending the nego-

tiations of the parties in making the contract, as well as subsequent acts and conduct, are sometimes shown. (Wood Pr. Ev. § 25.) In 1 Greenleaf on Evidence (§ 288) it is said that parol evidence is admissible of extrinsic circumstances, tending to show what person or persons, or what things, were intended by the party, or to ascertain his meaning in any other respect.

It is argued that the ambiguity is patent and cannot be helped by parol evidence. In 1 Greenleaf on Evidence (§ 300) it is laid down that a patent ambiguity, within the rule applicable to such cases, is one that remains uncertain to the court after all the evidence of surrounding circumstances and collateral facts, properly admissible, is exhausted. In 2 Parsons on Contracts (8th ed. 561, 562) the rule is laid down that the law will not presume a contract incurably uncertain, and, therefore, null, until it has cast upon it all the light to be gathered, either from a collation of all the words used, or from all contemporaneous facts which extrinsic testimony establishes, and that if these make the intention of the parties certain, and it is found that the words will fairly bear a construction which makes them express this intention, then the words will be so construed, and the contract so interpreted will be enforced.

At the time the transfer in question was made, F. G. Hall was in financial trouble and was largely in debt to S. S. Hamlin and also to his mother, Betsey P. Hall. To secure these two debts the transfer was made. On its face it was given as security, and it was competent to show what debts were intended to be secured. The transfer was delivered to S. S. Hamlin and the negotiations leading to it were with him. He was to a certain extent the agent of Mrs. Hall, and he held for her a fund of which she was entitled to the possession and use during her life, and some of which had been loaned to F. G. Hall through Hamlin, and it was understood between Hall and Hamlin that this particular property, with other, was to be turned over as collateral to these debts. There was an arrangement between Hall and Mr. Hamlin by which Hamlin was to obtain an assignment from Mrs. Hall of her debt, and Hall drew and gave to Hamlin such an assignment for him to take to West Bloomfield, where Mrs. Hall was, and have her execute it. Before this was obtained Hall executed and mailed to Hamlin the transfer in question, interlining the words " or Betsey P. Hall."

Very clearly, the acts and negotiations of the parties, in connection with the paper itself, indicate an intention that Mr. Hamlin and Mrs. Hall should each have the benefit of the transfer as security for such debt as each might have respectively against Hall, and that each was named as transferee for that purpose. It was intended as a transfer to each for security as the interest of each might appear.

No fraud is alleged. The plaintiff has, therefore, no greater rights than Mr. Hall would have. That construction is to be favored which will make the instrument operative rather than one that will destroy it.

The court did not, I think, err in construing " or " to mean " and " and in holding the instrument to be valid. The judgment should be affirmed.

All concurred, except PARKER, P. J., dissenting.

Judgment affirmed, with costs.