Argued January 7, affirmed February 17, rehearing denied March 16, 1920.

## DANIELS *v.* FOSTER & KLEISER.

### (187 Pac. 627.)

**Trover and Conversion—Demand and Refusal Essential.**

1. If a person is rightfully in possession of the property of another, and is neither asserting title to it nor exercising such dominion over it as is inconsistent with the right of the owner, then ordinarily a demand must be made for the property, followed by refusal to deliver, in order to work a conversion.

**Trover and Conversion—Trespass With Assertion of Control Sufficient to Establish Conversion.**

2. In trover, it is not enough that the facts show a trespass; yet, if the defendant exercise some act of dominion or control over plaintiff's property in denial of plaintiff's right or inconsistent therewith, defendant is properly charged with a conversion.

[As to conversion sufficient to maintain trover, see note in 24 Am. St. Rep. 795.]

**Trover and Conversion—Allegation of Demand Unnecessary Where There has Been Conversion.**

3. Where a conversion has actually occurred, there is no necessity of alleging and proving a demand and refusal to maintain an action of trover.

**Action—Plaintiff may Waive Tort and Maintain Assumpsit.**

4. Where defendant appropriated plaintiff's property, plaintiff may waive the tort and maintain an action in *assumpsit* for the value of the property, even though defendant had not sold and converted the same into money.

**Appeal and Error—No Presumption of Error.**

5. There is no presumption that the trial court erred, and error must affirmatively appear before a ruling on a motion for nonsuit will be disturbed.

**Appeal and Error—Order Sustaining Nonsuit cannot be Disturbed in Absence of Bill of Exceptions.**

6. In an action by an executrix, who claimed that defendant had torn down a building belonging to her testator and had ap-

propriated the lumber and fixtures, etc., where the trial court granted defendant's motion for nonsuit on the ground that the evidence did not show any demand by plaintiff on defendant for the property, *held* that, where there was neither bill of exceptions nor transcript of any part of the testimony, the order sustaining the nonsuit cannot be disturbed, even though the action be treated as one in *assumpsit*, for the pleadings did not show a conversion, and if the acts of defendant did not amount to a conversion in themselves, a demand was necessary.

From Multnomah: HARRY H. BELT, Judge.

Department 1.

This is an action to recover $500, the alleged value of a building which, the plaintiff claims, was wrecked and appropriated by the defendant Foster & Kleiser, a corporation. When the plaintiff "had completed the introduction of her testimony" the defendant moved for a judgment of nonsuit. The court sustained the motion and the plaintiff appealed.

AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. L. E. Schmitt.*

For respondent there was a brief and an oral argument by *Mr. Lawrence A. McNary.*

HARRIS, J.—There is no bill of exceptions. There is no transcript of any of the evidence. We have before us no part of the record made in the Circuit Court, except the pleadings, consisting of an amended complaint, an answer and a reply, and the recorded order allowing the motion for a nonsuit. The pleadings and the order made on the motion for a nonsuit are the only sources of information accessible to us, and our knowledge of what occurred in the Circuit Court is limited to whatever is revealed by that order and those pleadings.

The first three paragraphs of the amended complaint contain nothing but formal allegations to the effect that Sarah Jane Daniels is executrix of the estate of Edward J. E. Thompson, who died on December 29, 1916, and that the defendant is a corporation. In paragraph IV it is averred that Thompson became the owner by purchase of the building and fixtures located at 314½ E. Morrison Street in Portland, and that "subsequently thereto said premises were rented up to about July 1, 1916, when it became vacant."

Paragraphs V and VI are as follows:

"That the aforementioned building so owned by said Thompson was standing on leased ground owned by John S. Beall and one Mr. Weaver, who rented it to said Thompson and subsequently to his guardian, until said building was taken and removed by defendant as hereinafter alleged.

"That on or about the 1st of October, 1916, the said defendant, without notice to or knowledge of said Thompson or his guardian, did completely wreck and remove the building so owned by said Thompson as aforesaid, including the fixtures contained therein, and converted the same to his own use and benefit, and erected in the place where said building stood its sign and billboard."

After alleging in paragraph VII that the reasonable value of the building and its contents at the time of its removal was $500, the amended complaint concludes with a demand for a judgment for $500.

In legal effect the answer admits paragraph IV of the amended complaint.

Referring to paragraph V of the amended complaint the answer is as follows:

"That as to whether or not any of the allegations contained in paragraph V of the amended complaint is true this defendant has no knowledge or informa-

tion sufficient to form a belief, excepting that defendant admits that John S. Beall, et al. are, and were at all times mentioned in the complaint, the owners of the ground at the location known as No. 314½ East Morrison Street, in the City of Portland, Oregon.''

Paragraph VI is denied, except as alleged in the further and separate answer. Paragraph VII is denied without qualification, and then the defendant sets out a further and separate answer, in which the corporation avers that, as agent of and acting under the direction of John S. Beall and associate owners of the land, the defendant did in October, 1916, take down a small metal building situated on the land and remove it without damage to it and stored it, together with all the fixtures, in the defendant's warehouse in Portland ''where the same now are and ever since have been, but that as to who is or was the owner of said building, at the time the same was so taken down and removed, this defendant has no knowledge or information sufficient to form a belief''; that prior to October 1, 1916, the defendant leased the land for the purpose of constructing ''thereon advertising signs and displays,'' and that thereupon and without any knowledge on its part as to the ownership of this vacant building, or the fixtures in it, and under the direction of the owners of the land, the defendant removed the building and fixtures to its warehouse ''subject to the delivery thereof to the lawful owner.'' The defendant further alleges that neither the plaintiff nor the decedent was the lessee of the premises ''on or after October 1, 1916, nor for some time prior thereto.'' The defendant avers that tender and delivery of the building and fixtures ''is and will be made to the owner thereof upon proof of such ownership, the same being of no greater value than the sum of $25.''

The reply denies all the further and separate answer.

The following is a transcript of the recorded order allowing the motion for a judgment of nonsuit.

"This cause coming on regularly for trial on this day before the court and a jury, the plaintiff appearing in person by Schmitt and Schmitt, her attorneys, and the defendant appearing by L. A. McNary, its attorney, and the testimony of George M. Smith, a witness for the plaintiff having been taken, and the plaintiff having rested, and the defendant by its attorney thereupon having moved for a nonsuit on the ground of the failure of the plaintiff to allege or prove demand upon defendant for the surrender of the property alleged to have been converted by the defendant to its own use and the court being fully advised upon the said motion:

"It is now therefore ordered and adjudged that the motion of the defendant for a nonsuit against the plaintiff be and the same is hereby allowed, and such nonsuit is granted in favor of the defendant and against the plaintiff herein."

The plaintiff argues that the judgment must be reversed on the theory that the record presented to us necessarily shows that the court sustained the motion for a judgment of nonsuit on the ground "of the failure of the plaintiff to allege or prove demand upon defendant for the surrender of the property," and that such ruling was necessarily erroneous; while the defendant insists that the judgment must be affirmed for the reason that error must be made affirmatively to appear and, since there is neither a transcript of all the evidence nor any kind of a bill of exceptions it must be presumed that the judgment of nonsuit was properly granted.

1–3. If a person is rightfully in possession of the property of another, and is neither asserting title to

it nor exercising such dominion over it as is inconsistent with the right of the owner, then ordinarily a demand must be made for the property, followed by a refusal to deliver, in order to work a conversion: *Ramsby* v. *Beezley,* 11 Or. 49 (8 Pac. 288) ; for in such a case, there is no conversion until there is a demand and a refusal, and the demand ordinarily becomes necessary before the rightful possession is transformed into a wrongful possession. While, as ruled in *Lee Tung* v. *Burkhart,* 59 Or. 194, 204 (116 Pac. 1066), a case in some of its material particulars similar to the one here, in trover it is not enough that the facts show a trespass, yet, if the defendant exercised some act of dominion or control over the plaintiff's property in denial of her right or inconsistent with it, then the defendant is properly charged with a conversion of the property: *Walker* v. *First Nat. Bank,* 43 Or. 102, 104 (72 Pac. 635) ; *Madden* v. *Condon National Bank,* 76 Or. 363, 367 (149 Pac. 80) ; *Newman* v. *Jenne,* 47 Me. 520. Where a conversion has actually occurred, there is no necessity of alleging and proving a demand and refusal: Cobbey on Replevin, § 449; *Rosenau* v. *Syring,* 25 Or. 386, 389 (35 Pac. 845). See, also, *Caples* v. *Ditchburn,* 87 Or. 264, 269 (169 Pac. 510).

4. If the defendant did in truth wreck, destroy and appropriate the building and fixtures to its own use, then the plaintiff can sue the defendant in trover, or, if she chooses she can waive the tort and maintain an action in *assumpsit* for the value of the property, even though the defendant has not sold and converted the property into money: *Crown Cycle Co.* v. *Brown,* 39 Or. 285 (64 Pac. 451); *Reynolds* v. *New York Trust Co.,* 188 Fed. 611 (110 C. C. A. 409, 39 L. R. A. (N. S.) 391) ; 2 R. C. L. 775. See, also, 1 C. J. 1033. If a

conversion did in truth occur, then it was not necessary for the plaintiff to allege a demand for a surrender of the property, whether she brought an action in trover or an action in *assumpsit* on an implied contract.

In *Braithwaite* v. *Aiken,* 3 N. D. 365 (56 N. W. 133, 136), it is said:

"To establish a cause of action in *assumpsit,* the waiver must be averred either expressly or by the manner of stating the cause of action, for without the waiver no cause of action in *assumpsit* arises. It is not the wrong which gives the injured party the right to sue on contract; it is the wrong, coupled with the waiver of the tort. The waiver is an indispensable element in the cause of action."

The plaintiff contends that she has elected to sue in *assumpsit.* We shall assume, without deciding, that the complaint complies with the rule announced in *Braithwaite* v. *Aiken,* 3 N. D. 365 (56 N. W. 133), and that the action is one in *assumpsit* rather than one in trover. If when the plaintiff "had completed the introduction of her testimony" there was sufficient evidence to show an actual conversion of the property, and if there was sufficient evidence to sustain every other fact necessary to be proved by her, then the motion for a nonsuit was improperly allowed, if it was granted on the ground that the plaintiff had failed to allege and prove a demand upon the defendant for a surrender of the property, because such a demand was not necessary. But how can we know whether there was evidence showing an actual conversion? It may be that the defendant removed the building rightfully and in such a manner as not to have produced a liability either in conversion or *assumpsit* for the value of the property. The answer does not assert ownership in the defendant, nor does the corporation

aver that the plaintiff is not entitled to the property; but, on the contrary, it is alleged in the answer that delivery of the property will be made to the plaintiff if she is the owner of it. The admissions in the answer plus the affirmative allegations found in it do not, as a matter of law, necessarily amount to a conversion. If there was no actual conversion of the property, then it was necessary for the plaintiff to allege and prove a demand and refusal to surrender; and there are no admissions or allegations in the answer which relieve the plaintiff from this obligation.

5, 6. Even though we assume, without deciding, that as held in *Flynn* v. *Dougherty,* 91 Cal. 669 (27 Pac. 1080, 14 L. R. A. 230), "a nonsuit cannot stand unless the ground upon which it is supported was called to the attention of the court and the plaintiffs at the time the motion was made," and if we also assume, without deciding, that the court cannot allow a motion for a nonsuit on a ground not specified in the motion unless the court expressly calls the attention of the plaintiff to such ground, and even though we also assume that the court did in fact allow the motion on the ground that the plaintiff failed to allege and prove a demand, nevertheless we are obliged to affirm the judgment appealed from, for the reason that there is neither a bill of exceptions nor a transcript of any part of the evidence offered at the trial: See *Ferguson* v. *Ingle,* 38 Or. 43, 44 (62 Pac. 760); *Hammer* v. *Campbell Gas Burner Co.,* 74 Or. 126, 132 (144 Pac. 396); *Culver* v. *Van Valkenburgh,* 60 Or. 447, 450 (119 Pac. 753); *Armsby* v. *Grays Harbor Commercial Co.,* 62 Or. 173, 185 (123 Pac. 32); 9 R. C. L. 204; 18 C. J. 1197; 14 Ency. Pl. & Pr. 119.

Since it cannot be said, as a matter of law, from an inspection of the pleadings that the defendant con-

verted the property to its own use, then it was necessary for the plaintiff to prove a conversion. If the acts of the defendant, independent of any demand for the surrender of the property, did not amount to a conversion, then to have produced a conversion it was necessary for the plaintiff to have demanded a surrender of the property, and this must have been followed by a refusal. Now, it may be that the evidence failed to show such acts and conduct as would, without a demand and a refusal, produce a conversion; and hence in that event averment and proof of a demand and a refusal became necessary, and if such were the case the ruling of the trial court was correct. Error in the court's ruling is not presumed. Error must affirmatively appear before a ruling on a motion for a nonsuit will be disturbed. It is impossible for the appellate court to determine whether the trial court ruled correctly or erroneously, unless we can first examine the evidence offered at the trial: *Adkins* v. *Monmouth,* 41 Or. 266 (68 Pac. 737); *Goodale Lumber Co.* v. *Shaw,* 41 Or. 544, 546 (69 Pac. 546).

The judgment is affirmed.

AFFIRMED.   REHEARING DENIED.

McBRIDE, C. J., and BENSON and JOHNS, JJ., concur.