## MERCANTILE DISCOUNT & SECURITY CO v MELICK

Ohio Appeals, 6th Dist, Lucas Co

No 2879.   Decided Jan 29, 1934

M. L. Okum, Toledo, for plaintiff in error.
Mulholland & Hartman, Toledo, for defendant in error.

**OPINION**

By RICHARDS, J.

The plaintiff in error claims it was entitled to a judgment for the amount due it on the note and mortgage on the ground that the facts show that the defendant converted the property to his own use. The defendant contends that he is not liable in conversion because no demand was made on him before the bringing of the action, and the absence of a demand is the only fact on which the defendant relies to sustain the judgment.

The agreed statement of facts shows that the note and mortgage matured on October 17, 1929, two weeks after the instruments were executed, and even without any acceleration clause the entire amount was due long before the action was commenced in the Municipal Court.

Ever since the decision in **Robinson, Jr. v Fitch, 26 Oh St, 659,** it has been the law in Ohio that the interest of a mortgagee under a chattel mortgage is that of general owner of the mortgaged property. That action was one brought by the mortgagee, on default of payment by the mortgagor, to recover the possession of two elephants, "Chief" and "Parepa", and it will be noticed that the affidavit in replevin contained no statement that any demand had been made. The law as thus stated in the case just cited has been often followed by the lower courts in Ohio and is cited in **Metropolitan Securities Co. v Orlow, 107 Oh St, 583,** where it is stated in the opinion that the rule thus announced had never been departed from.

In the case at bar the mortgage was due before the sale was made by the mortgagor and upon that default the holder of the mortgage became immediately entitled to the possession of the property, so that the possession of the subsequent purchasers of the property was wrongful, and in law a denial of the rights of the mortgagee. The Ohio cases on this point are cited in **7 Ohio Jurisprudence, 420,** the summary statement being that one who buys from a mortgagor a chattel upon which there is a properly executed and recorded mortgage and resells the chattel to a third person without knowledge or consent of the mortgagee or repaying the mortgage, is liable in an action for conversion. It is true that in some, if not all, of the cases cited to sustain that proposition, a demand had in fact been made, but it does not appear in any case that the court held that any such demand was required.

It has long been the law that a refusal to restore goods on demand is only evidence of a conversion, and if a conversion appears by the evidence or by an agreed statement of facts, it is not necessary that a demand and refusal should be shown. Hogan v Atlantic Elevator Co., 66 Minn., 345. Likewise it was held in Daniels v Foster, 95 Ore., 502, that no necessity exists for proving a de-

mand and refusal if a conversion has actually occurred.

In **Railroad Co. v O'Donnell, 49 Oh St, 489,** it was held that a petition in an action for conversion which alleged plaintiff's ownership of the property and its value and that the defendant converted it to his own use, stated a cause of action and that it was not necessary to allege a demand of the property by the plaintiff and a refusal. In that case the court also stated that this results necessarily from the fact that while a demand and refusal may afford evidence of a conversion, it is not the only evidence by which it may be proven.

The agreed statement of facts shows that while the mortgage was in full force and of record, the defendant purchased the automobile after default had occurred in payment of the mortgage, and later resold the property to a third person and appropriated the proceeds. This amounted to an actual conversion of the property and a demand would have been futile and unavailing.

From what has been said it follows that the judgments of the lower courts must be reversed and the cause remanded for further proceedings.

Reversed and remanded.

WILIAMS and LLOYD, JJ, concur.