## ADKINS *v.* MONMOUTH.

[68 Pac. 737.]

APPEAL—REVIEWING MOTION FOR NONSUIT—BILL OF EXCEPTIONS.

1. The ruling of the circuit court on a motion for nonsuit will not be reviewed on appeal unless it affirmatively appears that the bill of exceptions contains all the evidence : *First Nat. Bank* v. *Fire Assoc.* 33 Or. 172, and *Carney* v. *Duniway,* 35 Or. 131, followed.

EVIDENCE OF AGENT AFTER TERMINATION OF AGENCY.

2. In an action against a municipal corporation for injuries from a defective sidewalk, statements by an ex-councilman as to what knowledge he had of the defect while a member of the city council were not admissible, as he could not bind the city after the termination of his term.

From Polk: GEORGE H. BURNETT, Judge.

Action for damages by Laura Adkins against the City of Monmouth. Plaintiff appeals from a judgment against her.

AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. William H. Holmes,* and *Mr. Webster Holmes.*

For respondent there was a brief over the names of *Butler & Coad,* and *Pipes & Tifft,* with an oral argument by *Mr. N. L. Butler,* and *Mr. Martin L. Pipes.*

MR. CHIEF JUSTICE BEAN delivered the opinion.

This is an action to recover damages for an injury alleged to have been received by plaintiff through the failure of the defendant corporation to keep its sidewalks in repair. At the close of the plaintiff's testimony, the defendant moved for a nonsuit, on the ground that she had not proved a case sufficient to be submitted to the jury, and the order sustaining this motion is the principal assignment of error relied on for reversal of the judgment.

1. The bill of exceptions is very meager, and simply recites,. in substance, that plaintiff introduced evidence tending to show that about half past 9 o'clock on the evening of Septem-

ber 28, 1900, while she was walking carefully and at an ordi-
nary gait along Main Street in the City of Monmouth, with a
number of her lady friends, her right foot was precipitated
into a hole or defect in the sidewalk caused by the removal of
a board in the decking; that by reason thereof she was seri-
ously injured, suffered great physical pain, and was prevented
and hindered from pursuing her usual avocation, by which she
could have earned, under ordinary circumstances, at least $85
a month, and was compelled to, and did, expend money and
incur liabilities for surgical and medical attendance, amount-
ing to the sum of $115; that the board was absent from the
decking of the sidewalk from the 2d of September to the date
of the accident, but plaintiff had no actual notice thereof, al-
though she had passed along the walk on two different occa-
sions within three or four days prior to the accident, but did
not observe the defect, or, if she did, had forgotten it. There
is no statement in the bill that it contains all or even the sub-
stance of the evidence given on behalf of the plaintiff. It has
been repeatedly held that the rulings of the circuit court, on a
motion for nonsuit for insufficiency of testimony, will not be
reviewed on appeal unless the bill of exceptions affirmatively
shows that it contains all the evidence given up to the time the
motion was made: *First Nat. Bank* v. *Fire Assoc.* 33 Or. 172
(50 Pac. 568, 53 Pac. 8); *Carney* v. *Duniway*, 35 Or. 131 (57
Pac. 192, 58 Pac. 105). Indeed, so often has this doctrine been
announced that it would seem to have become axiomatic. The
plaintiff, however, seeks to make a distinction between an as-
signment of error based on the sustaining of a motion for non-
suit and one overruling such motion, but it is without merit.
In either case, the question for review is the sufficiency of the
testimony, and, before that can be considered on appeal, it is
essential that the record affirmatively show that it is all here:
3 Cycl. Law & Proc. 166. Otherwise, a state of facts will be
presumed to have been proved at the trial authorizing the
ruling: 2 Ency. Pl. & Pr. 441. A motion for a nonsuit is in
the nature of a demurrer to the evidence, and, necessarily, be-
fore an appellate court can review the action of the trial court

thereon, it must affirmatively appear that all the evidence which was before that court is in the record. Under the statute, a motion for a nonsuit is properly allowed when the plaintiff fails to prove a cause sufficient to be submitted to the jury: Hill's Ann. Laws, § 246. And this question can be determined only from an examination of all the evidence the sufficiency of which is challenged. It is asserted in the brief that the motion was sustained because the plaintiff failed to prove negligence on the part of the defendant, and that the bill of exceptions contains all the testimony upon that point. But that fact is not made to affirmatively appear, and we must therefore assume in favor of the ruling of the trial court, that there was other testimony which, if contained in the bill of exceptions, would show that the plaintiff was, as a matter of law, not entitled to recover. We are, therefore, constrained to hold that the ruling on the motion for a nonsuit cannot, on this record, be reviewed here.

2. The bill of exceptions discloses that during the trial the plaintiff offered to prove ''certain statements alleged to have been made in April, 1901, by one Monroe Mulkey, after his term of office as councilman of the defendant had expired, and he had retired from the council, as to what knowledge he had while a member of the council of the alleged defect in the sidewalk,'' but the court held such testimony irrelevant and incompetent, and this ruling is assigned as error. The bill of exceptions does not disclose the nature and character of the statements or declarations alleged to have been made by Mulkey, and therefore it is doubtful whether the assignment presents any question for our consideration. But, assuming that it does, an agent cannot bind his principal by declarations made after the termination of the agency: 1 Am. & Eng. Ency. Law (2 ed.), 691; *Stiles* v. *Western R. Co.* 8 Metc. 44 (41 Am. Dec. 486). This rule applies to officers of a municipal corporation, who are merely its agents; so that, under any view, the alleged statements or declarations of Mulkey were not competent, because they were made after he ceased to be an agent or officer of the defendant corporation. AFFIRMED.