## GOODALE LUMBER CO. *v.* SHAW.

[69 Pac. 546.]

PART OF EVIDENCE BROUGHT UP—BILL OF EXCEPTIONS.

1. Where it affirmatively appears that the bill of exceptions contains all the testimony applicable to the decision of a point, and all that was considered by the trial judge in his ruling, it is sufficient to secure a consideration by the appellate court, though not all the testimony on other points is before the court: *Woods* v. *Courtney*, 16 Or. 121; *Roberts* v. *Parrish*, 17 Or. 583; *Coffin* v. *Hutchinson*, 22 Or. 554; and *Adkins* v. *Monmouth*, 41 Or. 266, distinguished.

PROOF OF CORPORATE EXISTENCE—COMPLIANCE WITH STATUTE.

2. A substantial compliance with all the requirements of the statutes is a necessary part of the creation of a corporation, and such compliance must be shown as part of the proof of corporate existence. In Oregon, for instance, under Sections 3217-3225 of Hill's Ann. Laws, the testimony of a subscribing witness to a writing purporting to be articles of incorporation that he was present, and saw the persons named therein as incorporators execute it, the offering of the paper in evidence, and the testimony of one of the alleged incorporators that he is president of such corporation; unsupplemented by any evidence of the filing of the articles, the subscription of one-half of the stock, or the election of a board of directors, is insufficient to establish the existence of the corporation.

From Marion: GEORGE H. BURNETT, Judge.

This is an action by the Goodale Lumber Co. to recover on a promissory note. It is alleged in the complaint "that plaintiff is a corporation organized and existing by virtue of the laws of the State of Oregon, with its head office at Salem, Oregon"; that about April 3, 1895, the defendant, W. A. Shaw, and one Wm. H. Smith, Sr., executed to J. C. Goodale their promissory note for the sum of $450, payable in three months, with interest at 10 per cent per annum; that Goodale assigned it to plaintiff, which is now the owner and holder thereof; that no part of said note has been paid, except the sum of $49.60; and that, owing to the death of Smith, he is not made a party to the action. The answer denies the material allegations of the complaint, except the execution of the note, and sets out two separate defenses, a statement of which is not necessary to a decision herein. At the trial a subscribing witness testified that he was present, and saw a document purporting to be plaintiff's articles of incorporation executed by persons therein named as incorporators, and to which he appended his name as a witness, whereupon said articles were received in evidence, over defendant's objection and exception. The bill of exceptions, referring to the testimony so introduced, contains the following recital: "There was no other evidence of the incorporation or organization of the plaintiff as a corporation offered or received upon said trial tending to prove that the said articles of incorporation had been filed in the office of the County Clerk of Marion County, Oregon, or in the office of the Secretary of State for the State of Oregon, or filed elsewhere, or at all; and there was no evidence offered or received upon said trial tending to show that any of the capital stock of the plaintiff corporation had been subscribed, or that it had been organized by electing officers, except that one J. C. Goodale testified orally that he was president of the plaintiff corporation." The plaintiff having introduced its testimony and rested, the defendant filed a motion for a judgment of nonsuit, which having been overruled an exception was allowed. Upon the cause being submitted, the court charged the jury, in effect, that said articles were sufficient evidence of plaintiff's existence

as a corporation, to which an exception was reserved. The jury returned a verdict for the sum demanded, and, judgment having been rendered thereon, the defendant appeals.      REVERSED.

For appellant there was a brief and an oral argument by *Mr. Peter H. D'Arcy* and *Mr. John A. Carson.*

For respondent there was a brief over the name of *Brown & Wrightman,* with an oral argument by *Mr. J. N. Brown.*

MR. CHIEF JUSTICE MOORE, after stating the facts, delivered the opinion of the court.

1. It is contended by defendant's counsel that, no proof having been offered tending to show that plaintiff's articles of incorporation had been filed, or any of its capital stock taken, or directors elected, the court erred in refusing to grant the nonsuit. It is maintained by plaintiff's counsel, however, that, as the bill of exceptions does not purport to contain all the testimony given at the trial, the action of the court in overruling the motion for nonsuit is not subject to review. "It has been repeatedly held," says Mr. Chief Justice BEAN in *Adkins* v. *Monmouth,* 41 Or. 266 (68 Pac. 737) "that the rulings of the circuit court on a motion for nonsuit for insufficiency of testimony will not be reviewed upon appeal, unless the bill of exceptions affirmatively shows that it contains all the evidence given up to the time the motion was made." To the same effect, see *Woods* v. *Courtney,* 16 Or. 121 (17 Pac. 745); *Roberts* v. *Parrish,* 17 Or. 583 (22 Pac. 136); *Coffin* v. *Hutchinson,* 22 Or. 554 (30 Pac. 424). In these cases, while testimony was found in each transcript tending to prove a material fact, the bill of exceptions did not contain a statement that no other relevant testimony had been offered, and, as error will not be presumed, but must affirmatively appear in order to secure a reversal, it was properly held that, the bill of exceptions not containing all the testimony introduced at the trial up to the time the motion for a judgment of nonsuit was made, the ruling of the court thereon would not be reviewed

upon appeal. The law, however, does not require the perform-
ance of vain things; and where, as in the present instance, the
testimony set out in the bill of exceptions clearly shows the mode
adopted to prove a particular fact, and also contains a statement
which necessarily negatives the possibility of other testimony
having been introduced upon the issue involved, the reason for
the rule announced in the cases adverted to ceases, and the rule,
which is otherwise general, has ingrafted thereon and becomes
subject to an exception, which is illustrated in cases like the one
at bar, where the bill states the objection with so much, but no
more, of the evidence than is necessary to explain it: Hill's
Ann. Laws, § 232. When the bill of exceptions affirmatively
shows that it contains all the testimony possibly applicable to,
and considered by the trial court in ruling upon, a motion for
a judgment of nonsuit, the appeal necessarily brings up for
review the action of the court in disposing of the motion.

2. Considering the case on its merits, a private corporation is
created by three or more persons subscribing their names to and
acknowledging written articles of incorporation in triplicate,
one of which shall be filed in the office of the secretary of state,
one with the county clerk of the county where the business is
proposed to be located, and the other retained in the possession
of the corporation: Hill's Ann. Laws, §§ 3217, 3218. The
articles of incorporation or a certified copy of the one filed with
the secretary of state or the county clerk is evidence of the exist-
ence of such corporation: Hill's Ann. Laws, § 3219. Upon
making and filing articles of incorporation, the persons subscrib-
ing their names as incorporators are authorized to carry into
effect the objects specified in the articles: Hill's Ann. Laws,
§ 3221. The incorporators are authorized to open books and
receive subscriptions to the capital stock of the corporation, and,
when one-half of such stock has been subscribed, it shall be
lawful in the organization of the corporation to elect a board
of directors: Hill's Ann. Laws, § 3222. The directors, when
elected and qualified, shall elect one of their number president:
Hill's Ann. Laws, § 3225. As the making of articles of incor-
poration necessarily precedes their filing, it is the latter act that

gives vitality to and brings into life a private corporation, and such filing is a condition precedent to its existence: Hill's Ann. Laws, § 3221; *Coyote G. & S. Min. Co.* v. *Ruble,* 8 Or. 284. Morawetz, in his work on Private Corporations (2 ed. § 27), in discussing this subject, says: "A substantial compliance with all the terms of a general incorporation law is a prerequisite of the right of forming a corporation under it. Thus, where it is provided that a certificate or articles of association setting forth the purposes of the corporation about to be formed, the amount of its capital, and other details, shall be filed with some public officer, a performance of this requirement is essential; and until it has been performed the association will have no right whatever to assume corporate franchises." This author, in speaking of the proof of the performance of conditions precedent (Section 41), further says: "In order to prove the legal existence of a corporation, it is necessary to show that every condition precedent, subject to which the franchise of forming the corporation is conferred, has been complied with. Thus, it is essential, in order to establish the incorporation of a company under a general law, to show that all formalities prescribed by the law have been followed."

While the statute provides that the articles of incorporation, or a certified copy of the one filed with the secretary of state or county clerk, is evidence of the existence of such corporation (Hill's Ann. Laws, § 3219), this clause must necessarily be construed *in pari materia* with another section, which provides that upon filing articles of incorporation the persons subscribing the same are incorporators, and authorized to carry into effect the objects specified in the articles: Hill's Ann. Laws, § 3221. In the methodical order of offering the necessary evidence it would seem proper to prove the execution and acknowledgment of the articles of incorporation in triplicate, and that one of such articles had been filed in the office of the secretary of state and another in the office of the clerk of the county where the business of the corporation is proposed to be conducted: Hill's Ann. Laws, § 3218. If Section 3219 is to be construed literally, and the existence of a *de jure* corporation can be established by the intro-

duction in evidence of the articles of incorporation, without other proof except that of a subscribing witness (Hill's Ann. Laws, § 761), it is possible, in the absence of filing the articles, to prove the existence of a corporation that has no vitality, the absurdity of which demonstrates that evidence other than the articles of incorporation is necessary. If, instead of the articles of incorporation retained in plaintiff's possession, a certified copy had been introduced in evidence, it would have disclosed that at least one of the original articles had been filed with the certifying officer, and such proof would have come nearer establishing the existence of the corporation than the mode adopted. The articles of incorporation, unsupplemented by other proof, were, in our judgment, inadequate to prove the existence of the plaintiff as a corporation, and hence the court erred in charging the jury that the document introduced in evidence was sufficient for that purpose. A corporation is created by making and filing articles of incorporation (Hill's Ann. Laws, § 3221), and is organized by electing a board of directors, which can only be done when one half of the capital stock has been subscribed: Hill's Ann. Laws, § 3222; *Fairview R. Co.* v. *Spillman,* 23 Or. 587 (32 Pac. 688). Thus, as was said by Mr. Chief Justice KELLY, in *Holladay* v. *Elliott,* 8 Or. 84: "Where the statute prescribes the manner in which a corporation shall be organized, its requirements must be substantially complied with; otherwise it will have no legal capacity to transact business as a corporation." Mr. Justice WOL-VERTON, in *Nickum* v. *Burckhardt,* 30 Or. 464 (47 Pac. 788, 48 Pac. 474, 60 Am. St. Rep. 822), discussing this subject, says: "The organization is completed only when the directors have been elected, and they have elected a president and secretary." The complaint having alleged that plaintiff is a corporation organized and existing by virtue of the laws of the State of Oregon, and this averment being denied in the answer, the burden was imposed upon it to prove the fact thus in issue. The neglect to show that one half of the capital stock had been taken, or a board of directors elected, was a failure to prove that plaintiff had ever been organized as a *de jure* corporation; and as it could transact no business in that capacity until thus constituted (*Hol-*

*laday* v. *Elliott,* 8 Or. 84), there was an omission to prove a material averment of the complaint.

The testimony introduced was insufficient to establish plaintiff's organization as a corporation, and the court erred in refusing to grant the judgment of nonsuit, in consequence of which, and of the giving of the instruction complained of, the judgment is reversed, and the cause remanded for such further proceedings as may be necessary, not inconsistent with this opinion.

REVERSED.