### John Franey v. Illinois Central R. R. Co.

1. INSTRUCTIONS—*Tending to Make the Jury Think that the Judge Was of Opinion that the Fire Was Set in a Certain Way.*—An instruction which tends to make the jury think that the judge is of opinion that the fire was set by the use of a bunch of straw, because of the use of the term " fire brand," is improper.

2. SAME—*That Plaintiff Must Stop Work and Watch Fire on Railroad's Right of Way.*—An instruction which tells the jury that if they believe from the evidence that the plaintiff saw the fire just as it was starting, or near that time, but nevertheless went on with his usual work and took no steps to extinguish the fire, and did not go to the place of the fire until several hours thereafter, and if they believe from the evidence that he could have extinguished the fire and saved his oats and straw when seen by him just as it was starting and did not do so or make any effort to do so, or manifest any interest in the same, then such conduct and failure was contributory negligence on his part and bars his right of recovery in this suit without regard to whether there was negligence on the part of the railroad company or

not, and in such case they should find the defendant not guilty, is error, where the plaintiff was at the time engrossed in driving a herd of fractious cattle which required his entire attention, and where the fire was on the right of way; as it amounts to saying, as a proposition of law, that if a man sees smoke on the right of way of a railroad, indicating a fire there, he may not rely upon the railroad employes to perform their duty to put it out, but must leave his own employment, no matter how engrossing or important it may be at the time, to go and extinguish the fire; and if he fails to do so and the fire spreads to his own property and destroys it, he is absolutely barred from recovering for his loss.

3. SAME—*That the Fact that Fire is Communicated by a Locomotive is Not Prima Facie Evidence of Negligence.*—An instruction which tells the jury that, although they might believe from the evidence that the injury complained of was caused by sparks of fire escaping from defendant's locomotive engine, this alone is not sufficient to prove negligence on the part of defendant, but that it must further appear from a preponderance of the evidence that defendant was guilty of negligence in permitting such sparks to escape, is in direct conflict with the statute, which provides that in actions to recover damages for injuries occasioned by fire communicated by any locomotive engine, while upon or passing along any railroad in this state, the fact that such fire was so communicated, shall be taken as full *prima facie* evidence to charge with negligence the corporation or person or persons who shall at the time of such injury by fire, be in the use and occupation of such railroad.

**Trespass on the Case.**—Damages from fire set by a locomotive. Appeal from the Circuit Court of Livingston County; the Hon. GEORGE W. PATTON. Judge presiding. Heard in this court at the April term, 1902. Reversed and remanded. Opinion filed October 14, 1902.

R. S. McILDUFF, attorney for appellant; STEVENS R. BAKER, of counsel.

C. C. & L. F. STRAWN, attorneys for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

Appellant, John Franey, was a tenant of lands adjoining the Illinois Central Railroad, in Livingston County. On July 31, 1899, 183 shocks of oats standing in his field next to the railroad were destroyed by fire, shortly after a passenger train had passed. Appellant brought this suit to recover the value of the oats and straw destroyed.

The first count of the declaration charged that appellee

negligently suffered large quantities of dry grass and weeds to accumulate and remain upon its right of way; that said grass and weeds were ignited by fire thrown from one of its engines and that such fire spread and was communicated therefrom to the shocks of oats in question and destroyed them. The second count charged that sparks and brands of fire escaped and were thrown from appellee's engine through the carelessness and negligence of appellee and set fire to the stubble on appellant's premises, thereby causing the destruction of the oats in question. The jury found in favor of the railroad company and there was a judgment against Franey for costs, from which he appealed.

Upon the hearing appellant contended that the fire started in the dead grass and dry weeds which had accumulated on the right of way and thus spread to his field. It was the contention of appellee, on the other hand, that there was no fire on the right of way, but that the fire started in some manner not known to appellee's witnesses, in appellant's field, some ten or twelve feet from the railroad fence.

We shall, however, not discuss the evidence, which was quite conflicting, except in connection with the instructions. Some of appellee's witnesses testified that they found a wisp or little bundle of straw in appellant's field, some twelve to fifteen feet inside of the fence, one end of which was burned. From this circumstance counsel for appellee appear to have argued below, as they do in this court, that somebody may have set the fire with such straw.

In appellee's first instruction, the bunch of straw in question is three times referred to as a "fire brand." This reference was improper as tending to make the jury think that the trial judge was of opinion that the fire was set by the use of the bunch of straw.

It appeared from the testimony of appellant that on the morning of the fire, before his oats were burned, he was passing along a highway some distance from his field, driving thirty or thirty-five head of cattle; that the cattle were

going fast and giving him some trouble; that he noticed some smoke which he thought was a fire on the right of way; that he went on with his cattle, which were fully occupying his attention, and forgot about the smoke until some time afterward, when he was informed that his oats had been burned. Appellant's son, who was with him at the time, testified to the same facts and that the smoke was about forty rods away. Based on this evidence the court gave the following instruction for appellee:

" The jury are further instructed that if you believe from the evidence Franey saw the fire just as it was starting, or near that time, but nevertheless went on with his usual work and took no steps to extinguish the fire, and did not go to the place of the fire until several hours thereafter, and if the jury believe from the evidence that he could have extinguished the fire and saved his oats and straw when seen by him just as it was starting and did not do so or make any effort to do so, or manifest any interest in the same, then such conduct and failure on his part was contributory negligence on his part and bars his right of recovery in this suit without regard to whether there was negligence on the part of the railroad company or not; and in such case you should find the defendant not guilty."

The instruction omitted all reference to the fact of the engrossing character of the work in which appellant was engaged at the time he saw the smoke and of the necessity of giving his entire attention to the cattle he was driving. The smoke which appellant saw was on the right of way, and this instruction amounts to saying, as a proposition of law, that if a man sees smoke on the right of way of a railroad, indicating a fire there, he can not rely upon the railroad employes to perform their duty and put it out, but must leave his own employment, no matter how engrossing or important it may be at the time, to go and extinguish the fire; and if he fails to do so and the fire spreads to his own property and destroys it, he is absolutely barred from recovering for his loss. This can not be true as a rule of law. It was for the jury to say whether the facts enumerated, under all the circumstances of the case, constituted negligence, and not for the court.

The seventh instruction given for appellee told the jury that although they might believe from the evidence that the injury complained of was caused by sparks of fire escaping from appellee's locomotive engine, this alone was not sufficient to prove negligence on the part of appellee, but that it must further appear from a preponderance of the evidence that appellee was guilty of negligence in permitting such sparks to escape. This instruction was in direct conflict with the statute, which provides that, in actions to recover damages for injuries " occasioned by fire communicated by any locomotive engine, while upon or passing along any railroad in this state, the fact that such fire was so communicated shall be taken as full *prima facie* evidence to charge with negligence the corporation, or person or persons, who shall at the time of such injury by fire, be in the use and occupation of such railroad." Rev. Stat. (Hurd, 1899), Chap. 114, Sec. 103. The instruction in question established a rule of evidence unwarranted by law, and the giving of the same in a case like this, where the evidence is conflicting, was reversible error.

Appellee's ninth instruction undertook to state the conditions which would relieve appellee from liability, if the fire was communicated directly from its engine to appellant's field. The instruction improperly omitted, however, the requirement that the engine must, at the time, have been properly and skillfully handled. Certain other instructions given for appellee stated rules in reference to the weight to be given to the testimony of appellant's witnesses which should properly have been made applicable to the witnesses on both sides.

For the reasons above given the judgment of the court below will be reversed and the cause remanded for another trial.