All the Justices concurring.

---

The St. Louis & San Francisco Railroad Company
v. W. R. League *et ux.*

No. 13,982.    (80 Pac. 46.)

SYLLABUS BY THE COURT.

1. RAILROADS—*Injury by Fire.* A fire negligently started in the night-time by a railroad company extended to plaintiff's premises, and he and others fought and partially subdued but did not extinguish it. After watching the fire for some time, and taking certain precautions to prevent its further spread, plaintiff, believing the danger was past, retired, after which the fire broke out anew and destroyed considerable property. *Held,* that it cannot be said, as a matter of law, that the original negligence in starting the fire was not the proximate cause of the final burning and loss.

2. ——— *Proximate Cause.* The fact that there was a temporary arrest and cessation of the fire cannot be regarded as

Railroad Co. v. League.

a new and independent cause of the burning and loss of plaintiff's property, nor can it be said that the final loss was outside of the bounds of reasonable anticipation as a result of the primary negligence.

3. ———— *Question for the Jury.* After the fire was discovered it was the duty of the plaintiff to exercise due care by using reasonable means to extinguish the fire and protect his property, and where he made efforts to stay the progress of the fire and mistakenly supposed that the guards made and precautions taken were sufficient, and that the danger was past, the question whether he exercised due care was one peculiarly for the determination of a jury.

Error from Butler district court; GRANVILLE P. AIKMAN, judge. Opinion filed March 11, 1905. Affirmed.

*L. F. Parker,* and *W. F. Evans,* for plaintiff in error.

*N. A. Yeager,* and *T. A. Kramer,* for defendants in error.

The opinion of the court was delivered by

JOHNSTON, C. J.: About nine o'clock on the night of January 6, 1903, a locomotive attached to a train of the St. Louis & San Francisco Railroad Company scattered fire along the track and started a fire upon the farm of L. E. League. It burned a stalk-field, hedge and other fences, fruit and ornamental trees, as well as barns, sheds, and cribs. The Leagues and their neighbors, as well as the section-men of the railroad company, turned out and fought the fire and succeeded in arresting its progress. Although not entirely extinguished most of those who were assisting, including the railroad men, concluded that the danger was past and left the premises. The fire was still burning to some extent in piles of manure, and also in other debris, but as the night was cold the parties did not prolong their stay beyond what they deemed to be necessary. Shortly after midnight Mr. and Mrs.

League, who were greatly exhausted, retired; but their sons remained longer watching the fire. In addition to other precautions they plowed a number of furrows as a fire-guard between the burned section and the buildings and the stacks. About two o'clock they went into the house and retired. Shortly afterward the family was awakened to find that the fire had fanned up and jumped across to a straw stack, and thence to the buildings, and the result was that a great deal of property was destroyed.

Separate actions were brought by Mr. and Mrs. League, charging that their losses were the result of the negligence of the railroad company. The causes were consolidated by consent and tried as one action. The jury found in favor of the plaintiffs, awarding Mrs. League $438, and Mr. League $1510.

There is abundant evidence to sustain the allegation that the fire was originally started by the railroad company, and also that it was negligently done. No complaint is made of the rulings upon the evidence, nor that the special findings, ninety-eight in number, are not supported by the testimony. It is practically conceded that the railroad company is responsible for the property destroyed by the fire before it was arrested at midnight, but it is contended that the company is not liable for the property destroyed after the fire was revived, and this constituted the greater part of the loss which was sustained. It is argued that the fire set out by the locomotive was not the proximate cause of this loss; that a person of ordinary intelligence and prudence could not have foreseen or anticipated such a result; that it was not foreseen by the Leagues and their neighbors when the fire was first subdued, and if they did not anticipate a further spread of the fire the company cannot be expected to have originally foreseen the actual and final result. It is argued that after the cessation of the fire the re-

6—71 KAN.

kindling and spreading of it constituted an independent, intervening cause between the original setting of the fire and the final result.

Within our own decisions the original fault in starting the fire may be deemed to have been the proximate cause of the entire loss. At least, the testimony respecting cause and effect makes the matter of proximate cause a fair question for the determination of the jury. The primary cause of the fire was the negligence and wrong of the railroad company. There was but one fire—a fire which continued to burn until all the property was destroyed. It was arrested, but not extinguished. The fact that it was stayed for a time was not a new and independent cause. It was not an intervening agency, disconnected from the original negligence of the company.

It was said in *Railroad Co. v. Stanford*, 12 Kan. 354, 377, 15 Am. Rep. 362:

"The spark negligently allowed to escape from the engine of the defendant, is, in law, as well as popularly, the proximate cause of the burning of the hayrick thirty rods, or four miles, away. The first efficient and adequate cause, as well as every intermediate cause necessarily following from the first cause, is always held in law to be the proximate cause, unless some new cause, independent of the first cause, shall intervene between the first cause and the final injurious result."

In determining the proximate cause no arbitrary limits can be fixed as to nearness in point of time or as to distance from the original starting of the fire. Much more important are closeness of causal connection, the natural sequence of the original wrongful act, and whether the resulting loss was one which might reasonably have been anticipated. It is not necessary that the loss be the inevitable result of the setting of the fire, but if it is the natural consequence, one likely to result from starting the fire, then it should have been anticipated by the railroad company,

and is the proximate result of its negligence. Here there was a first and efficient cause; there was a "medium" wind blowing; there was combustible material along the route which the fire traveled, and it was not unreasonable to expect that it would be driven by the wind over the League land and burn everything combustible in its path.

The only circumstance which gives rise to any question was the temporary detention of the fire. The arrest of the flames for a time, however, did not start a new fire, nor furnish a new cause or force which destroyed the League property. It operated rather to diminish the destructive force of a fire which had been negligently started, and which had never been extinguished. There was continuity in the fire, and the fact that it was partially subdued, and then fanned up and carried along by the wind, was not outside of the bounds of reasonable anticipation. That those fighting the fire did not entirely extinguish it goes more to the question of contributory negligence than to the matter of proximate cause. If, in fighting the fire, the parties had added a new element or put in force an independent agency that destroyed the property there would be some reason for the contention that is made. For instance, if unnecessary backfires had been started, or inflammable material had been added to the slumbering fire, or an explosion had occurred in the track of the fire, or a tornado had arisen and carried the fire a great distance, or some other extraordinary and unlooked-for thing had intervened, there might be room to contend that the final burning was not within the usual, ordinary and experienced course of events. We think, however, that it cannot be arbitrarily said that the effort to stay the progress of the fire and its temporary detention constituted a new and independent cause, nor that the spreading of the fire and final destruction of the prop-

erty were unlikely to happen as a result of the original starting of the fire.

Under the circumstances, and within the authorities of our own and other courts, the question of whether the fire started by the railroad company was the proximate cause of the final burning, or the loss was only a remote consequence, was a question of fact for the jury, and there is undoubtedly sufficient evidence to support the finding of the jury. (*Railroad Co. v. Stanford,* 12 Kan. 354, 15 Am. Rep. 362; *Railroad Co. v. Bales,* 16 id. 252; *Railway Co. v. McCollum,* 2 Kan. App. 319, 43 Pac. 97; *Railway Co. v. McBride,* 54 Kan. 172, 37 Pac. 978; *Buck v. Railway Co.,* 59 id. 328, 52 Pac. 866; *Railway Co. v. Blaker,* 68 id. 244, 75 Pac. 71, 64 L. R. A. 81; *The Louisville, New Albany and Chicago Railway Company v. Nitsche,* 126 Ind. 229, 26 N. E. 51, 9 L. R. A. 750, 22 Am. St. Rep. 582; *Poeppers v. Missouri, Kansas & Texas Railway Company,* 67 Mo. 715, 29 Am. Rep. 518; *Hightower v. Missouri, Kansas & Texas Railway Company,* 67 id. 726; *Tyler v. Ricamore,* 87 Va. 466, 12 S. E. 799; *Milwaukee etc. Railway Co. v. Kellogg,* 94 U. S. 469, 24 L. Ed. 256; 1 Thomp. Neg. § 161; 13 A. & E. Encycl. of L. 446, and cases cited.)

Whether the Leagues exercised the care that a prudent person should in extinguishing the fire, in watching it after it was arrested, and in protecting their property as against a rekindling of the fire, was submitted to the jury under instructions of which the railroad company has no cause to complain. After the fire was discovered it was the duty of the plaintiffs below to take all reasonable and practical means to extinguish it, and to protect their property. Only reasonable diligence, however, was required in this respect; and it cannot be said, as a matter of law, that such care was not exercised by them. Whether parties who make efforts to stay the progress of a

fire negligently started have used due care in this regard is ordinarily a question for the jury. Having fought and partially subdued the fire, and then mistakenly supposed that the fire-guards made and the precautions taken to prevent a further spread of the fire were sufficient, and that the danger was past, make the matter of whether they used reasonable care peculiarly one for the determination of the jury.

Complaint is made of rulings upon the instructions by the court, but upon examination we find nothing substantial in the claims of error. The case was fairly presented to the jury.

The judgment of the district court is affirmed.

All the Justices concurring.