Argued March 27, modified and remanded April 3, 1917.

STRANG *v.* OREGON–WASHINGTON R. & N. CO.*

(163 Pac. 1181.)

**Corporations—Proving Corporate Existence.**

1. Where the corporate existence of a plaintiff is alleged, it must be proved, and where this is not done, a nonsuit is proper.

**Railroads—Fires—Question for Jury—Contributory Negligence.**

2. The fact that plaintiff noticed fire started by a locomotive, on adjoining land about 11:30 A. M., and did not try to extinguish it

———

*On duty of owner of property adjoining a railroad right of way to protect it from fires set out from passing locomotives, see notes in 12 L. R. A. (N. S.) 526; 49 L. R. A. (N. S.) 166.

On liability of railroad company for fire set by locomotive which spread to property of another, see note in 21 L. R. A. 262.

On power of legislature to make injury to property by fire from locomotive *prima facie* evidence of negligence, see note in 32 L. R. A. (N. S.) 226.

On effect of presumption from fact that fire was set by locomotive to carry question of negligence to jury, see note in 5 L. R. A. (N. S.) 99.                                        REPORTER.

until 1:30 P. M., when it had reached his property and was beyond control, did not constitute contributory negligence as a matter of law, so as to justify a direction of verdict against plaintiff, it being a question of fact as to whether he acted as a reasonable man would under like circumstances.

**Negligence—"Contributory Negligence"—What Constitutes.**

3. The standard by which contributory negligence is to be judged is the conduct of a reasonably prudent man under conditions disclosed by the evidence.

> [As to what is contributory negligence and when it prevents a recovery, see note in 8 Am. St. Rep. 849.]

**Negligence—Contributory Negligence—Question for Jury.**

4. Ordinarily and almost uniformly contributory negligence is a question of fact for the jury unless no other conclusion can be drawn from the evidence.

**Railroads—Fires—Duty of Owner to Prevent Damage.**

5. It is the duty of the owner to use proper endeavors to prevent destruction of his property by fire from a locomotive if he can do so by slight effort and without danger; but when different deductions may reasonably be drawn from the testimony, the question is for the jury.

**Railroads—Fires—Right of Action.**

6. Plaintiff, having assigned his claim for loss by fire from a locomotive to his insurer upon receiving full insurance, had no action for such damage, but could recover for uninsured property and for another's claim assigned to him, in view of Section 180, L. O. L., empowering court to give judgment for or against one or more of several plaintiffs or defendants when justice requires it and to determine parties' rights as between themselves.

**Railroads—Fires—Measure of Damages.**

7. The measure of damages for destruction of property by fire from a locomotive is the reasonable value of the property destroyed.

**Railroads—Fires—Measure of Damages—Loss of Profits.**

8. Loss of profits, owing to decline of the hay market in consequence of delay caused by destruction of machinery by railway fire, was not recoverable as damages, not being the proximate result of defendant's negligence.

From Wasco: WILLIAM L. BRADSHAW, Judge.

F. E. Strang and the North British & Mercantile Insurance Company, a corporation, commenced an action against the Oregon-Washington Railroad & Navigation Company, a corporation. Plaintiffs recovered judgment and defendant appeals.

MODIFIED AND REMANDED.

Department 1.   Statement by MR. JUSTICE BURNETT.

The plaintiff Strang joined with the North British & Mercantile Insurance Company in an action against the defendant, a railway corporation, to recover damages for the loss of some of his chattels alleged to have been burned by the negligence of the defendant in the operation of a locomotive and train of cars across his land.   The complaint avers:

"That the plaintiff, the North British & Mercantile Insurance Company, is a corporation duly organized and doing business in the state of Oregon, and was such corporation at all the times and dates hereinafter mentioned; and that it is and was at all the times and dates hereinafter mentioned, duly qualified to do business as an insurance company, against loss or damage by fire, in the state of Oregon; and that it had complied with all the laws of the state of Oregon, authorizing it to do such business."

After alleging the corporate character of the defendant and the possession by Strang of a certain tract of land near Rowena, Oregon, abutting upon the defendant's railway track, it is stated that on June 30, 1914, he was the owner and in possession of certain personal property situated on his land and listed with valuations in the complaint.   It is charged that the defendant so negligently operated its locomotive as to set fire on and near its right of way which by reason of its further negligence was allowed to spread so that certain articles consisting of hay and farm implements were consumed by fire.   It is averred that Strang had a large amount of other hay which he wished to put on the market for sale, but in consequence of the necessary delay he experienced in procuring proper machinery he was unable to bale it until some time afterwards. Meanwhile the market price had declined $3 a ton, be-

cause of which he claims to have been damaged in the sum of $240.   Then follows this averment:

"And plaintiffs further allege that prior to the date of the said fire as hereinbefore set forth, the plaintiff, the North British & Mercantile Insurance Company, had entered into a contract with the said plaintiff, F. E. Strang, for the insurance against fire of the 35 tons of baled hay hereinbefore set forth and the 90 tons of loose hay and the horse-power and chain and bridge hereinbefore described, and had agreed with the plaintiff to insure him against the loss of the same by fire to the amount of $1,700.   And that at the time of said fire, said contract of insurance was a valid and existing and subsisting contract and made the said plaintiff, the North British & Mercantile Insurance Company, liable upon the destruction of said property by fire, to the said F. E. Strang for the value of the same.   That thereafter the said loss was adjusted and that said Insurance Company was compelled to and did pay the said F. E. Strang for the loss of the same, the sum of $1,220.00, the value of the property so destroyed, and that the said plaintiff was thereupon subrogated to the rights and claims of the said F. E. Strang against the said Oregon-Washington Railroad & Navigation Company to the amount of said insurance and payments, to wit, the amount of $1,220.00, and that the said plaintiff F. E. Strang then and there assigned and turned over to the said Insurance Company his claim against said Oregon-Washington Railroad & Navigation Company to the extent and amount of said insurance to wit, the sum of $1,220.00."

As a separate cause of action the plaintiffs allege in substance that at the time of the fire one Bourhill was the owner of a fourth interest in the 90 tons of loose hay described, of the value of $247.50, and of a wagon valued at $40, all situate upon the land of Strang and consumed by the same fire and under the same circumstances; and that for a valuable consideration Bourhill had assigned to Strang the claim of the former

against the defendant for damages. The corporate existence of the insurance company and its right to do business in Oregon were denied by the answer. All charges of negligence and damage set forth in the complaint are traversed by the answer. That pleading asserts in effect that the plaintiff Strang both personally and through his agents and employees discovered the fire in its inception when it could have been extinguished easily, but carelessly and negligently failed to make any effort to put it out until it was too late. It is also claimed that the locomotive in question was properly maintained, was of first-class construction, in good condition and repair; that it was operated in a careful and prudent manner, and that the defendant had no knowledge of the fire until after it had consumed the property mentioned in the complaint. The reply traverses the answer in material particulars.

There is no evidence whatever concerning the corporate character of the plaintiff insurance company or its qualifications to do business. At the close of the plaintiffs' case the defendant moved for a judgment of nonsuit on the ground that plaintiffs had failed to make out a sufficient case to be submitted to the jury in this:

"1. The undisputed testimony shows that the plaintiffs had notice and knowledge that this fire was set and burning at 11:30 o'clock in the morning and that no effort was made by himself or his men to extinguish the fire until between 1:15 and 1:20 as testified by plaintiff Strang.

"2. There is no evidence in this case showing that the plaintiff, the North British & Mercantile Insurance Company, was ever incorporated or organized under the laws of this or any other state, or showing that they are authorized to do business in this state or have paid any license fee. There is no proof here of

any subrogation or anything else in this case showing they have a right of any recovery whatsoever."

The court overruled this motion. At the close of all the testimony there was a motion by defendant for a directed verdict in its favor on the same grounds but with like results. The case went to the jury which returned a verdict in favor of the plaintiffs and the defendant appealed from the consequent judgment assigning as errors the overruling of the motions for a nonsuit and for a directed verdict.

MODIFIED AND REMANDED.

For appellant there was a brief over the names of *Mr. W. A. Robbins, Mr. Arthur C. Spencer* and *Mr. Fred W. Wilson,* with an oral argument by *Mr. Robbins.*

For respondents there was a brief over the name of *Messrs. Bennett, Sinnott & Galloway,* with an oral argument by *Mr. Alfred S. Bennett.*

MR. JUSTICE BURNETT delivered the opinion of the court.

1, 2. It is settled in this state that when the corporate existence of a plaintiff corporation is put in issue, the allegation in that respect must be proved; for want of which the plaintiff must fail: *Holladay* v. *Elliott,* 8 Or. 84; *Goodale Lumber Co.* v. *Shaw,* 41 Or. 544 (69 Pac. 546); *Hartford Ins. Co.* v. *Central R. of Oregon,* 74 Or. 144 (144 Pac. 417). The state of the record prevents a recovery by the insurance company. At the least the motion for a nonsuit ought to have been allowed as to that plaintiff. In considering that motion as it affects the plaintiff Strang, a brief *résumé* of the testimony is necessary. The track of the de-

fendant company ran through his premises leading
from The Dalles to Portland.   He had a crew of seven
men operating a hay baler, approximately 600 feet
north of the track about one half mile east of the sta-
tion at Rowena.   He himself with another employee
was hauling hay from the north side of the railway
and west of the station to his house situated some dis-
tance south of the track.   An extra freight train going
west passed along about 10:30 o'clock in the forenoon
of the day in question, and about that time the em-
ployees at the baler discovered a smoke about a quar-
ter of a mile west of where they were at work, appar-
ently on or near the defendant's right of way but not
on Strang's premises.   At the time the wind was blow-
ing principally from the east towards the west, but
was fitful and changeable.   There was testimony to
show that Strang himself saw the smoke about half-
past 11 while he was on his way to the house with a
load of hay.   During all this time the smoke increased
in volume considerably.   All the men quit work at noon
for dinner, being absent about an hour.   In the mean-
time the wind had changed and was blowing from the
west carrying the fire towards the machinery and hay
which was afterwards consumed.   When they returned
from the noon meal Strang and all his men apparently
used every effort at their command to extinguish the
fire but without success and the property was burned.
The defendant contends that the conduct of Strang
and his employees amounts to such a degree of contrib-
utory negligence as to prevent the plaintiffs from re-
covering and that it was the duty of the court as a
matter of law to direct a judgment of nonsuit in the
first instance and upon the question being renewed at
the close of the evidence to instruct the jury to find a
verdict for the defendant.

3, 4. The standard by which diligence or negligence is to be judged is the conduct of a reasonably prudent man under the conditions disclosed by the evidence, and a court is not justified in directing a nonsuit unless no reasonable conclusion can be drawn from the evidence except that the plaintiff was remiss in his duty under the circumstances. Ordinarily and almost uniformly this is a question of fact for the jury. In this case one man on seeing the smoke of the fire at its beginning might consider it to be his duty to go at once and put it out. Another thinking that the prevailing wind would carry the fire away from his property might not feel called upon to attend to it. We cannot say as a matter of law which would be right. It was for the jury to determine whether Strang acted as a reasonably prudent man would in such a juncture: *Palmer* v. *Portland Ry., L. & P. Co.*, 56 Or. 262 (108 Pac. 211, 59 Am. & Eng. R. Cas. (N. S.) 68); *Chicago etc. R. Co.* v. *Pennell*, 94 Ill. 448; *Franey* v. *Illinois Central R. Co.*, 104 Ill. App. 499; *Haverly* v. *State Line & S. R. Co.*, 135 Pa. 50 (20 Am. St. Rep. 848, 19 Atl. 1013); *St. Louis & S. F. R. Co.* v. *League*, 71 Kan. 79 (80 Pac. 46).

5. This rule is not at variance with the following authorities cited by the defendant: *Eaton* v. *Oregon R. & N. Co.*, 19 Or. 391 (24 Pac. 415), was a case where the plaintiff saw the fire actually burning his grass but made no effort whatever to extinguish the flames saying that it was not his business but that of the railroad company. In *Richmond* v. *McNeill*, 31 Or. 342 (49 Pac. 879), the court said that it was the duty of the plaintiff to use proper endeavors to prevent the destruction of his property if he could do so by slight effort and without danger to himself, but further held that when different deductions may reasonably be

drawn from the testimony they should be left to the jury. To the same effect is *Hawley* v. *Sumpter Val. Ry. Co.,* 49 Or. 509 (90 Pac. 1106, 12 L. R. A. (N. S.) 526). The plaintiff Strang was therefore entitled to go to the jury with his case.

6. It appears by his complaint, however, that he had insured 35 tons of baled hay, 90 tons of loose hay, and a horse-power, chain and bridge; that after the fire the insurance company paid him as the pleading states "$1220.00, the value of the property so destroyed." Not only so but he also avers that he "assigned and turned over to the insurance company his claim against said Oregon-Washington Railroad & Navigation Company to the extent and amount of said insurance, to wit, the sum of $1220.00." Thus it is disclosed that he was paid the full value of the insured chattels and assigned to his co-plaintiff his chose in action therefor. Consequently he has no interest in that property and no claim for damages for its destruction after he has been paid in full and has sold his cause of action to another. It is without dispute though that he lost the following items of property which with their values are here set down:

| | |
|---|---:|
| Two sets doubletrees and neck-yoke | $ 7.00 |
| 160 feet ½ inch cable | 10.40 |
| 100 feet rope | 4.00 |
| 4 hay press springs and 2 blocks | 6.00 |
| 500 lbs. No. 15 baling wire | 17.00 |
| 4 hay forks | 3.40 |
| 1 derrick | 35.00 |
| Grass and trees destroyed | 20.00 |

Total......$102.80

7, 8. It is unquestioned too that Bourhill was the owner of a fourth interest in the loose hay, the value of which is fixed at $247.50, and of a wagon worth $40.

The testimony fixing these values is undisputed, and it is without question that Bourhill assigned to the plaintiff Strang the former's claim for the loss. The jury has determined the fact to be that the defendant was to blame for the destruction of this property. The plaintiff Strang is entitled to recover for his uninsured property and on the demand assigned to him by Bourhill, totalling $390.30. The measure of damages in such case is the reasonable value of the property destroyed. The loss of profits owing to the subsequent decline of the hay market was not the proximate result of the defendant's negligence and cannot be the basis of a recovery in this action.

The situation then is that we have before us in the record authentic data enabling us to determine the ultimate rights of the parties according to Section 180, L. O. L., empowering the court to give judgment for or against one or more of several plaintiffs and for or against one or more of several defendants and, when the justice of the case requires it, to determine the ultimate rights of the parties on each side as between themselves. The judgment will therefore be modified by allowing the plaintiff Strang to recover $390.30, and the costs and disbursements of the Circuit Court. The cause will be remanded with directions to enter this judgment for Strang and one of nonsuit in favor of the defendant against the plaintiff North British & Mercantile Insurance Company. The defendant will recover costs and disbursements in this court.

MODIFIED AND REMANDED.

MR. CHIEF JUSTICE McBRIDE, MR. JUSTICE MOORE and MR. JUSTICE BENSON concur.